**Walter W. Williams, and Walter W. Williams, Next Friend to Charles W. Williams, Minor, Appellants, v. Janet G. Williams, Appellee.**

**Gen. No. 9,387.**

Opinion filed October 25, 1943.

STONE & TAYLOR, of Bloomington, for appellants.

COSTIGAN, WOLLRAB & YODER, of Bloomington, for appellee.

MR. JUSTICE HAYES delivered the opinion of the court.

Walter W. Williams obtained a divorce from Janet G. Williams on the ground of desertion in the circuit court of McLean county on July 26, 1940. At the time of the divorce, their family consisted of two children: Arthur, age five, a son of Mrs. Williams by a former marriage who had been adopted by Walter W. Williams, and Charles W., age three, issue of their marriage. The divorce decree granted custody of both children to their mother, but provided for periodic visits to the father's home. The decree also ordered Williams to pay four hundred and fifty dollars per month for the care, support and education of the children during their minority. On November 6, 1941, Mrs. Williams remarried and her husband is now in the armed service stationed in Washington, D. C. On January 27, 1942 Walter W. Williams filed a petition in the divorce action seeking to modify the decree of divorce to give him custody of both children. This petition was denied by the circuit court of McLean county and an appeal was taken to the Supreme Court by Williams in his own right, and as next friend of his minor son Charles W. The cause was transferred here by the Supreme Court because no ground for direct appeal to that court was established. *Williams v. Williams*, 381 Ill. 507.

It appears from the record that Mrs. Williams has established a home for herself and two children in an apartment in downtown Bloomington, Illinois. No criticism is made of their surroundings except that they are not as extensive nor as finely equipped as the home of the children's father. It further appears that the children enjoy a normal home life and are healthy, active youngsters. It does appear that during a visit at their father's home they refused to obey certain of his employees and displayed poor manners and bad eating habits. There is also some evidence

that they were not overly affectionate toward their father. It can easily be understood why Mr. Williams is disturbed by these traits and he is to be commended in seeking to suppress them. However it nowhere appears that the children have become incorrigible or have tendencies uncommon to many boys of their age, nor does it appear that Mrs. Williams is neglecting her duties as a mother or is incapable of disciplining her children. It is unfortunate that both father and mother cannot share the responsibility of molding the character and conduct of these children. However the home has been broken and this ideal cannot be achieved. Williams must have foreseen this when he decided upon a divorce.

Much emphasis is placed by Williams upon the effect of a certain conveyance in trust by U. C. Williams, grandfather of Charles W. Williams, of certain real property valued at one hundred and twenty-five thousand dollars. This deed gave a remainder interest to Charles in the entire property, provided his custody should be transferred to his father, Walter W. Williams, by the circuit court of McLean county. In the first place it is apparent that this instrument cannot have any effect on the issue of who is entitled to the custody of Arthur. As far as Charles is concerned, this court is well aware of the financial advantages that would accrue to this boy if the terms of the deed were complied with. On the other hand, financial considerations, after a certain point, are entitled to little consideration in the determination of the welfare of a child in a case of this type, especially where it appears that the father is contributing amply to his support.

The circuit court of McLean county has twice decided that Mrs. Williams is a fit person to be entrusted with the care and custody of these children. On questions of this character, much is left to the sound discretion of the chancellor, *Gillett v. Bryant*, 203 Ill. App. 322, subject of course to review where abuse is shown.

*Cohn v. Scott,* 231 Ill. 556. We do not believe that the chancellor abused his discretion in this case and we do not feel warranted in disturbing his judgment. If, in the future, Williams can show that the children are not being properly cared for or that because of the remarriage of Mrs. Williams their welfare is being jeopardized, the continuing jurisdiction of the circuit court of McLean county over these children will afford him an opportunity to have their custody changed.

The circuit court allowed Mrs. Williams four hundred dollars attorney's fees for services rendered by her attorneys in this suit, and on an appeal in an earlier phase of this case where an accounting was demanded by Williams and successfully resisted by Mrs. Williams, Williams contends that this allowance was improper and cites *Gerson v. Mathes,* 252 Ill. App. 607. In that case an allowance of attorney's fees was denied because the petition there filed sought to change the custody of the children involved, not for their welfare, but for the convenience of the parties. In this case, the welfare of the children is directly in issue and their interests were involved in the earlier suit for an accounting. We believe the allowance in this case was proper. *Hoffman v. Hoffman,* 316 Ill. 204; *Thomas v. Thomas,* 233 Ill. App. 488.

The decree of the circuit court of McLean county is affirmed.

*Decree affirmed.*