**Patricia W. Mabbatt, Plaintiff-Appellee, v. Richard H. Mabbatt, III, Defendant-Appellant.**

Gen. No. 51,084.

First District, Fourth Division.

January 4, 1967.

Defrees, Fiske, Thomson & Simmons, of Chicago (Thomas J. Johnson, Jr. and Thomas Z. Hayward, Jr., of counsel), for appellant.

Edmund J. Burke, of Chicago, for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from an order modifying the child custody provision of a divorce decree and awarding attorney fees to the plaintiff.

Plaintiff and defendant were divorced in 1961. A property settlement agreement which was negotiated by the parties and incorporated into the decree provided in relevant part that the defendant, Richard Mabbatt, shall have custody of the children: Kenneth David, then eight years old, born of defendant and his first wife (who was deceased) and adopted by plaintiff; William Churchill and Thomas Roy, then five and three years of age, respectively, both natural children of the parties. At the time of the divorce all three children were living

with plaintiff at the home of her parents in Denver, Colorado. Defendant made no objection to this arrangement and, although plaintiff and the children subsequently returned to Cook County in January of 1963, all of the children were allowed to reside with the plaintiff until May 4, 1965, almost four years from the entry of the decree. At that time plaintiff notified defendant that she could no longer handle the oldest boy, Kenneth, and the latter then came to live with defendant and has since been living with him. On June 19, 1965, when the other two boys were with defendant for the weekend, defendant determined that he would not return them to plaintiff and notified her by letter that "he was exercising his custody rights under the decree." Shortly thereafter plaintiff went to defendant's home, found the two younger boys in a neighbor's pool and took them away with her. After a series of legal proceedings defendant petitioned the court to require plaintiff to return the children to him in accordance with the child custody provisions of the divorce decree. Plaintiff cross-petitioned the court to modify the divorce decree and to award her custody of all three children. After hearing extensive evidence the trial judge modified the decree and awarded plaintiff custody of the two younger children but allowed the older child to remain in the custody of defendant.[1] Plaintiff was also awarded $300 in attorney fees.

Defendant contends that plaintiff failed to show any change of circumstances which would support a modification of the decree. In Bemis v. Bemis, 89 Cal App2d 80, 200 P2d 84, the mother sought modification of a decree granting legal custody to the father. The children had been living with the mother for "over a year." In ruling in favor of the mother and modifying the decree (reversing the trial court) the court stated at page 91 that:

[1] No cross-appeal is taken by the plaintiff with regard to the custody of the older child.

457

Upon the record defendant's opposition to modification finds support only in the purely legal ground that having been awarded custody of the children he may not be deprived of their custody without a showing that he has become an unfit custodian. . . . [W]e deem this an insufficient ground for the denial of plaintiff's application. Under the unusual circumstances of the case the inquiry should have been as to the conditions surrounding the children in the mother's home, inasmuch as they had not been with their father. The court heard all the evidence that defendant introduced, or offered, which tended to prove that at the time of the hearing plaintiff was an unfit person to have custody, as to whether she had ever neglected the children or failed in her maternal duties toward them.

In the instant case defendant permitted the children to remain in the custody of plaintiff for nearly four years following the entry of the divorce decree, notwithstanding that (1) custody of all the children was awarded to the defendant, and (2) defendant had remarried in May, 1962.[2] Therefore, as in the Bemis case, the proper inquiry was as to the conditions surrounding the children in the mother's home. The trial judge heard extensive conflicting testimony on that issue which need not be reiterated here. However, he chose to believe that testimony which was favorable to the plaintiff and determined that she was fit to have custody of the two children. It is for the trial judge, who saw and heard the witnesses, to determine the credibility. Wade v. Wade, 345 Ill

---

[2] At first the children were in Colorado and defendant was unmarried, circumstances which might well have prompted him not to disturb the status quo. After his remarriage in 1962, and the return of the children to Cook County in 1963, all impediments to his assertion of custody rights had been removed—unless his desire to have the boys live with him was something less than he now contends.

App 170, 102 NE2d 356. The fact that there was substantial conflicting evidence, in itself, would not justify this court in disturbing the conclusion of the court below, since that conclusion was not against the manifest weight of the evidence. Bateman v. Bateman, 337 Ill App 7, 85 NE2d 196. Moreover, the determination of the trial court in a hearing involving child custody should not be disturbed unless manifest injustice has been done. Bateman v. Bateman, supra; Hahn v. Hahn, 69 Ill App2d 302, 216 NE2d 229.

■ The trial court was in a better position than an appellate tribunal to determine the best interests of the children (Buehler v. Buehler, 373 Ill 626, 630, 27 NE2d 466). Under the circumstances of this case we will not disturb the court's judgment.

■■ Defendant also argues that attorney fees were improperly awarded to the plaintiff. Defendant asserts that "the power of a court to grant attorney fees rests on Section 15 of the Divorce Act (Ill Rev Stat 1965, ch 40 § 16; that by its terms the right granted by the statute is limited to services rendered in connection with the marital relation, not for services rendered after that status has been terminated by the original decree." In further support of his argument defendant asserts that it was plaintiff who initiated the action to modify the divorce decree. Contrary to defendant's contention, attorney fees can be awarded to a divorced wife in subsequent proceedings to modify the decree under proper circumstances. Martin v. Martin, 332 Ill App 661, 76 NE2d 353.[3] Moreover, the allowance of the aforesaid attorney fees depends not upon who initiates the proceeding but rather upon the circumstances peculiar to the individual case. In Jacobs v. Jacobs, 328 Ill App 133, 65 NE2d 588, the divorced wife petitioned the court

---

[3] Additionally, attorney fees are allowed to the wife who initiates a proceeding to enforce the terms of a decree. Walters v. Walters, 409 Ill 298, 99 NE2d 342.

for an increase in alimony on the ground that an amendment to the income tax laws had reduced the balance remaining in her hands. The request was denied by the trial court. On appeal it was held that the modification should be granted and that the wife should be awarded attorney fees. In Williams v. Williams, 320 Ill App 354, 51 NE2d 284, where the husband sought to modify the terms of the decree, the court allowed the wife $400 in attorney fees on the ground that "the welfare of the children is directly in issue." In its opinion at page 357 the court distinguished Gerson v. Mathes, 252 Ill App 607, a case in which attorney fees were denied to a divorced wife who initiated the proceedings to modify the decree, on the ground that "The petition there filed sought to change the custody of the children involved, not for their welfare but for the convenience of the parties." The court did not draw the distinction that in Mathes it was the wife who initiated the proceeding, whereas in Williams it was the husband who sought to modify the decree. In Gehlbach v. Gehlbach, 219 Ill App 503, where the wife petitioned for an increase in alimony, the court denied the allowance of attorney fees to her solely on the ground that there was no proof that the fees were reasonable, customary and usual. The court thereby intimated that the fees otherwise would have been allowed. In Moore v. Black, 10 Ill App2d 339, 134 NE2d 347, a divorced wife who was granted custody of the children petitioned the court to modify the terms of the decree to allow her to remove them to another jurisdiction where her new husband had found employment. The request was granted and attorney fees were allowed to the wife (plaintiff in that case). On appeal the court determined that attorney fees should not have been allowed, proceeding on the theory that while the modification was in the best interests of the children, "it does not follow that plaintiff's petition for modifica-

tion was required by circumstances created by defendant."

██ In the instant case it is clear that the welfare of the children is involved. Moreover, contrary to the facts in Moore v. Black, supra, the incurrence of attorney fees by plaintiff in the instant case was required by circumstances created by the defendant. The filing of plaintiff's cross-petition for modification of the decree and the consequent incurrence of attorney fees was necessitated by defendant's petition to enforce the terms of the original decree almost four years after the entry thereof, in which he sought to upset the status quo of the de facto custody of the children. Defendant, by his petition, sought to alter a situation which he had voluntarily allowed to exist for almost four years.

We find that under all the circumstances of the instant case the trial judge did not abuse his discretion in awarding attorney fees of $300 to plaintiff.

The order of the trial court is affirmed.

Affirmed.

ENGLISH, P. J. and McCORMICK, J., concur.