GERALDINE P. KUHNS, a/k/a GERALDINE P. ELLISON, Plaintiff-Appellee, *v.* DONALD P. KUHNS, Defendant-Appellant.

(No. 55887;

First District—August 31, 1972.

*Rehearing denied September 28, 1972.*

Jerome Berkson, of Chicago, for appellant.

Edward D. Rosenberg, of Rosenberg & Kosin, of Chicago, (Ellis B. Rosenzweig, of counsel,) for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

This is an appeal by defendant from an order directing him to pay attorneys' fees to plaintiff's attorneys. The fees were awarded in connection with plaintiff's unsuccessful contest of defendant's post-decree petition for modification of the decree of divorce. The decree was modified to provide for a transfer of custody of the parties' minor children from plaintiff to defendant. After conducting hearings on the petition for fees, the court ordered defendant to pay $5,000 to plaintiff's attorneys. It is undisputed that her attorneys also had been paid $6,500 by plaintiff for their services in connection with the custody controversy. Because of the nature of the appeal, we find it necessary to recite the pertinent facts giving rise to the action.

The parties were divorced in 1965, and custody of their four minor children were awarded to plaintiff. In May 1968, defendant petitioned for a modification of the custody order, alleging that the plaintiff took the children and with one Robert Ellis, a fugitive from justice, left Chicago on April 26, 1968. Defendant charged that from April 26 to 29, plaintiff and Ellis lived in at least five motels with the children. On April 29 plaintiff was discovered by the police in a motel with Ellis, and on that date she placed the children on an airplane and sent them to defendant. Defendant further charged that plaintiff habitually committed adultery, that she abandoned the children and was violent to them, that she was addicted to pills of a dangerous nature, that she was habitually intoxicated and that she attempted to commit suicide.

At the ensuing hearing, the trial court entered a temporary order giving custody of the children to the defendant until further order of court. Plaintiff appealed to this court from that temporary transfer of custody. This court dismissed the appeal, denied rehearing, and the Supreme Court denied plaintiff's petition for leave to appeal. In dismissing the appeal, this court noted that the facts in defendant's verified petition had not been denied and that it was undisputed that plaintiff voluntarily returned the children to defendant. It therefore held that the court's temporary transfer of custody was proper.

Thereafter, at a hearing on April 27, 1970, the trial court continued custody of the children with defendant. On October 16, 1970, the court entered an order modifying the decree and awarding custody of the minor children to defendant. Plaintiff did not appeal the modification of the decree, and that custody order is not involved in this appeal. On November 13, 1970, the court entered an order directing defendant to pay $5,000 to plaintiff's attorneys in connection with their services rendered in the custody dispute. At the same time, the court denied de-

fendant's petition for expenses under section 41 of the Civil Practice Act. On January 19, 1971, the court denied defendant's petition to vacate the order awarding fees.

On appeal, defendant raises four issues: (1) that the trial court erred and abused its discretion in awarding attorneys' fees to plaintiff; (2) that in any event, it was error to include time spent in connection with plaintiff's unsuccessful appeal from the temporary custody order in determining attorneys' fees; (3) that the court erred in denying defendant's motion to vacate the order of November 13, 1970; and (4) that the court erred in denying defendant's petition for reimbursement for costs pursuant to section 41 of the Civil Practice Act. In view of our determination of defendant's first contention, it will not be necessary to consider his second and third arguments.

■■ Attorney's fees may be awarded in post-decree proceedings in the trial court to modify the provisions of the divorce decree. (*Martin v. Martin*, 332 Ill.App. 661, 76 N.E.2d 353.) The allowance of fees in divorce proceedings rests in the sound discretion of the trial court and will be disturbed on review only when the exercise of that discretion is clearly abused. (*Ylonen v. Ylonen*, 2 Ill.2d 111, 117 N.E.2d 98.) The allowance of attorney's fees depends upon the unique characteristics of each case. (*Mabbatt v. Mabbatt*, 78 Ill.App.2d 455, 223 N.E.2d 191.) In determining whether an allowance of fees is proper, it is necessary to examine the circumstances which initiate the invocation of judicial proceedings for relief. (*Cimino v. Cimino*, 93 Ill.App.2d 412, 236 N.E.2d 299.) And where the party upon whom the fees are sought to be imposed has done nothing which necessitated or required judicial action, the allowance of fees is error. *Moore v. Black*, 10 Ill.App.2d 339, 134 N.E.2d 347.

■■ It is clear that plaintiff, by her own misconduct, precipitated these post-decree proceedings. When apprehended in company with a fugitive from justice, she relinquished the custody of the children to defendant. Plaintiff's voluntary transfer of the children to defendant not only justified defendant's subsequent actions, but in fact compelled him to seek the assistance of the court in order to protect the welfare of the children. His request for a change of custody, immediately filed, was proper and advisable in order to give judicial protection to the acts which plaintiff had made necessary. Although the record reveals that defendant is possessed of more income and assets than plaintiff, we believe that it would be inequitable and unfair to further punish defendant by requiring him to pay fees to plaintiff's attorneys. We conclude that, under these facts and circumstances, it was unreasonable and an abuse of discretion to assess fees against defendant. This is particularly so, we believe, be-

cause plaintiff herself had already paid $6,500 in fees to her attorneys. We recognize a wife's right to defend against a post-decree petition and her need of legal assistance, and, in a proper case, we would require the husband to pay fees. We do not believe that the instant case is appropriate for such action.

Cases cited by plaintiff as supporting the award of fees to her (*Williams v. Williams*, 320 Ill.App. 354, 51 N.E.2d 284; *Lauzen v. Lauzen*, 81 Ill.App.2d 472, 225 N.E.2d 427), are clearly distinguishable from the case at bar. In each of those cases, an award of fees for the wife's attorney arising out of a post-decree petition for a change in custody was upheld by the reviewing court. However, in each case, the court found that no action of the wife precipitated the proceedings and indeed, found that the wife should retain custody of the children.

Defendant also contends that the trial court erred in summarily denying his petition for reimbursement of costs and fees pursuant to the provisions of section 41 of the Civil Practice Act. That section provides for reimbursement of reasonable expenses incurred by virtue of an opponent's pleading made without reasonable cause and not in good faith, and found to be untrue. Defendant urges that plaintiff's untrue answer to his petition for a change in custody in which she stated that Ellis in connivance with defendant, forced her to accompany him on the weekend trip, entitled defendant to reimbursement under section 41.

However, only a partial report of proceedings has been presented to this court. At the time of certifying the report of proceedings before the trial judge, defense counsel stated that the only issue on appeal was that of attorneys' fees, and that consequently, a complete report of proceedings was unnecessary. From the record before us, we are unable to determine whether the pleading in question was made in bad faith. We must conclude that the trial court did not err in denying defendant's section 41 petition.

For the reasons stated, that part of the order denying defendant's petition for costs under section 41 is affirmed; that part of the order awarding fees to plaintiff's attorneys is reversed.

Affirmed in part; reversed in part.

McGLOON, P. J., and DEMPSEY, J., concur.