ALBERT D. BOGGS, Plaintiff-Appellee, *v.* VICTORIA M. BOGGS, Defendant-Appellant.

Fourth District   No. 14972

Opinion filed November 28, 1978.

Franz K. Fleischli, III, of Walbaum, Hayes & Fleischli, of Springfield, for appellant.

Gary B. Krueger, of Springfield, for appellee.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:

On February 28, 1977, the circuit court of Sangamon County granted a divorce to plaintiff Albert Boggs from defendant Victoria Boggs, found both parties fit to have the custody of their minor children and, by agreement, awarded the care and custody of Misty Lou Boggs, a female then aged 2, to defendant and that of Carol Marie Boggs, a female then aged 3 months, to plaintiff. On December 9, 1977, plaintiff filed a petition to modify the decree requesting temporary custody of Misty Lou. The petition was subsequently amended to request permanent custody of that child. After issue was drawn, a hearing on the merits was held on February 8, 1978, and on March 2, 1978, an order was entered modifying the decree to grant petitioner the permanent custody of Misty Lou.

Defendant appeals the order of March 2, 1978, maintaining that: (1) the amended petition to modify was not sufficiently supported by affidavit as required by section 610(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 610(a)) to entitle plaintiff to seek a modification of custody prior to two years after the entry of the original permanent custody order; (2) over objection, the court improperly considered evidence of facts occurring before the final custody judgment; (3) plaintiff did not prove that defendant's changed circumstances affected the custodial child's welfare; and (4) the order was against the manifest weight of the evidence.

■▌ As the proceeding to modify was commenced on December 9, 1977, after the effective date of the Act (October 1, 1977), the provisions of the Act controlled the procedure (Ill. Rev. Stat. 1977, ch. 40, par. 801(c)). Section 610(a) of the Act provides that a motion to modify a "custody judgment" may not be made within two years of the judgment's date "unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral or emotional health." Plaintiff's request for modification was supported by his affidavit and that of a social worker. Plaintiff's affidavit stated that since the divorce, the defendant (1) had become pregnant out of wedlock, (2) did not have the time or inclination to care for Misty Lou, (3) was leaving the child with various friends and its grandmother, (4) often sends the child out without proper clothing and (5) in other ways neglected the child, failing to give it attention, affection and concern. Although the affidavit lacked desirable specificity, the trial court did not abuse its discretion in denying a motion to strike the request and in permitting plaintiff to proceed.

Much of the evidence upon which the order of modification was based concerned facts which were in existence at the time of the original custody order but which apparently were not made known to the court at that time because the parties agreed as to custody. The propriety of the

trial court's consideration of this evidence is directly connected to defendant's other claims of error. Determination of this question involves an interpretation of section 610(b) of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 610(b)). It provides in part:

> "The court shall not modify a prior custody judgment unless it finds, upon the basis of facts that have arisen since the prior judgment *or that were unknown to the court at the time of entry of the prior judgment,* that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child. In applying these standards the court shall retain the custodian appointed pursuant to the prior judgment unless:
>
>         * * *
>
> [or] (3) the child's present environment endangers seriously his physical, mental, moral or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him." (Emphasis added.)

Section 610(b) clearly states that evidence may be received of either newly arisen facts or those unknown to the court at a prior hearing. Obviously, the reference to facts which were unknown at prior hearing includes a reference to such facts which were then in existence. Otherwise there would be no reason to refer to such facts because they would fall into the category of newly arisen facts. Not so clear is an answer to the question of whether the unknown facts in existence at the time of the prior hearing may be considered as bearing on the change of circumstances requirement. Obviously, facts in existence at a prior time can not be the basis of a change in circumstances taking place after that time. However, the wording of 610(b) is constructed in such a way as to indicate that evidence of both newly arisen facts and those previously unknown to the court can be considered not only on the question of the child's best interests but also on the change of circumstances requirement.

Such a construction would afford the same result in this case as would application of principles developed prior to the enactment of the Illinois Marriage and Dissolution of Marriage Act as set forth in *McDonald v. McDonald* (1973), 13 Ill. App. 3d 87, 299 N.E.2d 787, and dictum in *Harms v. Harms* (1944), 323 Ill. App. 154, 55 N.E.2d 301. *McDonald* ruled a custody modification to be proper without a showing of a sufficient change in circumstances in a case where the prior custody had been determined by agreement. This court there stated:

> "In awarding the custody of the children, the court exercises a judicial discretion. (*Mikrut v. Mikrut,* 113 Ill. App. 2d 446, 251 N.E.2d 84; *Marcus v. Marcus,* 109 Ill. App. 2d 423, 248 N.E.2d 800; *Fears v. Fears,* 5 Ill. App. 3d 610, 283 N.E.2d 709.) There is

persuasive reasoning in the language of *King v. King,* 25 Wis. 2d 550, 131 N.W.2d 357, that where custody is awarded upon the stipulation of the parties and the court receives no evidence upon the best interests of the child or children, the court does not, in fact, exercise judicial discretion in awarding custody and that the rule that a custody order is subject to modification only if there is a substantial change of condition affecting the child's welfare does not apply. See *Harms v. Harms,* 323 Ill. App. 154, 55 N.E.2d 301." 13 Ill. App. 3d 87, 89, 299 N.E.2d 787, 789.

In *Harms,* also involving a change of custody after an original custody order based on agreement of the parties, that court set forth the following dictum:

"The court would not be justified in altering the original decree as to the custody of the children *unless there was a change in the situation, or unless facts or circumstances which should have been called to the attention of the court at the time the decree was entered, were overlooked."* (Emphasis added.) 323 Ill. App. 154, 159, 55 N.E.2d 301, 303.

■■ In order to give weight to the precedent of *McDonald* and to give meaning to all of the words of section 610(b), we construe the words "a change has occurred in the circumstances of the child or his custodian" to mean that a change in circumstances as previously shown to the court has occurred. That construction would enable the court hearing the petition to modify to exercise its judicial discretion rather than to be bound by the previous order based upon an agreement. We adopt that construction.

Although the trial court here in entering the prior custody judgment found defendant to be a fit parent, there is no indication that the finding was based upon anything other than the agreement of the parties. The court properly received evidence of facts existing before the prior custodial judgment.

Some of the evidence presented herein concerned matters which have been ruled to be insufficient separately to support an order changing custody. Since the prior order, defendant had given birth to a child out of wedlock (*Jayroe v. Jayroe* (1965), 58 Ill. App. 2d 79, 206 N.E.2d 266). Evidence indicated that she had failed to comply with the terms of the custody agreement concerning visitations (*Bulandr v. Bulandr* (1959), 23 Ill. App. 2d 299, 162 N.E.2d 585). Plaintiff had affected an apparently stable remarriage (*Hirth v. Hirth* (1965), 59 Ill. App. 2d 240, 207 N.E.2d 114). Other evidence presented defendant as a poor housekeeper who failed to properly feed the children and sometimes did so from unsanitary utensils. Of more significance was the testimony of a court-appointed social worker. Her testimony refuted the evidence that defendant was a poor housekeeper who improperly fed the children but otherwise

strongly supported the change in custody. She testified that through conversations with defendant, she found her to be overcome with the burden of caring for Misty Lou, immature, and needing more preparation for motherhood. The social worker also found Misty Lou to exhibit a need for more love and affection and a desire to be with her sister.

■■ We deem the evidence to have been sufficient for the court to have found that the circumstances existing at the time of the hearing were greatly changed from the way they appeared to be at the time of the prior agreed upon custody judgment. Thus, a change was for the best interest of Misty Lou, the child's present environment seriously endangered its emotional health, and the advantages of any change would outweigh any harm to the child. The order was not contrary to the manifest weight of the evidence.

We affirm.

Affirmed.

REARDON and TRAPP, JJ., concur.