*In re* MARRIAGE OF DENNIS RICHARD GIBBONS, Petitioner-Appellant, and CYNTHIA SUE GIBBONS, Respondent-Appellee.

Fourth District No. 4—86—0747

Opinion filed July 30, 1987.

Brent D. Holmes, of Harlan Heller, Ltd., of Mattoon, for appellant.

Bobby F. Sanders, of Toledo, for appellee.

JUSTICE LUND delivered the opinion of the court:
On August 2, 1985, Dennis Gibbons (petitioner) filed in the circuit

court of Coles County a petition to modify judgment of dissolution of marriage, asking that custody of the minor children be transferred from Cynthia Gibbons (respondent) to himself. On May 7, 1986, the court denied the motion. Petitioner appeals, alleging the court erred (1) in applying the statutory sections, (2) in restricting the evidence admitted, (3) in prohibiting the testimony of a witness, and (4) in ordering petitioner to pay attorney fees. We reverse.

Petitioner and respondent were married on July 21, 1973. Two children were born from this marriage: Valerie, born December 20, 1973, and Hope, born December 18, 1974. On October 12, 1983, a judgment for dissolution of marriage was filed. At that time, the parties agreed custody of the children should be with respondent.

On August 2, 1985, petitioner filed a petition seeking to modify custody and attached an affidavit as required by section 610(a) of the Illinois Marriage and Dissolution of Marriage Act (the Act) (Ill. Rev. Stat. 1985, ch. 40, par. 610(a)). The court allowed the petition to proceed to hearing. On October 17, 1985, an amended petition to modify custody was filed.

On May 6 and 7, 1986, a hearing was conducted on the petition as amended. Evidence was adduced relating to the current living environment of the children and to respondent's abilities as a parent. The evidence on May 6 and 7 also related to the respondent's parental traits as they existed at the time of the prior custody judgment. The court disallowed evidence concerning petitioner's current family situation and his present capabilities as a custodial parent. The court also prohibited evidence of petitioner's circumstances at the time of the original custody judgment. At the close of petitioner's case, the court granted respondent's motion for a dismissal of the petition, finding no change in circumstances had been shown.

On August 26, 1986, a hearing was conducted on attorney fees. The court found the petitioner was employed, and the respondent was living on public aid. It, therefore, ordered petitioner to pay respondent's full attorney fees of $5,115.

■ Petitioner contends the trial court should have applied the standards set forth in section 602 of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 602) rather than using those set forth in section 610 of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 610) because the initial custody order was based on the agreement of the parties, and not on a court decision evolving from a full evidentiary hearing.

Section 602 states that "[t]he court shall determine custody in accordance with the best interest of the child." (Ill. Rev. Stat. 1985, ch. 40, par. 602.) It is the section used when the court is required to

make an initial custody decision. Section 610 reads in part:

"[T]he court shall not modify a prior custody judgment unless it finds by clear and convincing evidence, upon the basis of facts that have arisen since the prior judgment or that were unknown to the court at the time of entry of the prior judgment, that a change has occurred in the circumstances of the child or his custodian, *** and that the modification is necessary to serve the best interest of the child." Ill. Rev. Stat. 1985, ch. 40, par. 610(b).

Our supreme court had an opportunity to address this question but declined to do so. (*In re Custody of Sussenbach* (1985), 108 Ill. 2d 489, 498, 485 N.E.2d 367, 370.) However, the authority among the appellate courts is that section 610 controls under facts like those now before us. (*People ex rel. Bukovic v. Smith* (1981), 98 Ill. App. 3d 144, 150, 423 N.E.2d 1302, 1307; *In re Marriage of Gargus* (1981), 97 Ill. App. 3d 598, 606, 423 N.E.2d 193, 199; *Smart v. Smart* (1981), 94 Ill. App. 3d 791, 795, 419 N.E.2d 695, 698; *In re Custody of LaMarca* (1979), 78 Ill. App. 3d 26, 31, 397 N.E.2d 31, 35.) This position is supported by the language and the intent of the Act. It is evident from the language of section 610 that the section is operative in cases of child-custody modifications. It is clear that the court shall not modify a prior custody judgment unless the section 610 requirements are met. Section 610 does not differentiate between contested and agreed custody judgments.

The legislative intent is clear. The language in section 610 expresses an intent to make custody arrangements as permanent as possible. As stated by our supreme court:

" 'Section 610(b) reflects an underlying policy favoring the finality of child-custody judgments and making their modification more difficult. Its effect is to create a legislative presumption in favor of the present custodian, thereby promoting the stability and continuity of the child's custodial and environmental relationship which is not to be overturned lightly.' " (*In re Custody of Sussenbach* (1985), 108 Ill. 2d 489, 499, 485 N.E.2d 367, 371, quoting *In re Marriage of Wechselberger* (1983), 115 Ill. App. 3d 779, 786, 450 N.E.2d 1385, 1389.)

If petitioner's position were accepted, and the easier standard of section 602 used, then the policy favoring finality and stability in the child's life would be endangered.

■ Petitioner next argues that the trial court in this case misapplied section 610(b). In its decision the trial court stated:

"I see nothing that has not existed primarily during the time

that the parties were living together and during the time prior to the divorce that has not been shown to have changed substantially. It seems to me that at the time of the divorce, at the time the mother acquired the custody of the children, that most of the conduct which we have observed and testified to here today was predicted and yet the father allowed the custody to the mother. It may be he has now changed his mind over the whole issue; maybe appropriately; maybe not. However, I must repeat that the legislature has placed upon custodial parent *** rather non-custodial parent a very, very high hurdle for the purpose of continuity of the custodial parent of proving with clear and convincing evidence that there has been a substantial *** or what is the word I am looking for *** measurable change in circumstances of the children and the custodial parent."

Petitioner believes this statement indicates the court misconstrued the provision in section 610 dealing with facts that were unknown to the court at the time of the prior judgment. We agree.

Section 610 allows the court in making its decision to rely upon facts that have arisen since the prior judgment or that were unknown to the court at the time of entry of its prior judgment. Our court had an opportunity to address this section in *Boggs v. Boggs* (1978), 65 Ill. App. 3d 965, 383 N.E.2d 9. There we stated:

"Section 610(b) clearly states that evidence may be received of either newly arisen facts or those unknown to the court at a prior hearing. Obviously, the reference to facts which were unknown at prior hearing includes a reference to such facts which were then in existence. Otherwise there would be no reason to refer to such facts because they would fall into the category of newly arisen facts. Not so clear is an answer to the question of whether the unknown facts in existence at the time of the prior hearing may be considered as bearing on the change of circumstances requirement. Obviously, facts in existence at a prior time can not be the basis of a change in circumstances taking place after that time. However, the wording of 610(b) is constructed in such a way as to indicate that evidence of both newly arisen facts and those previously unknown to the court can be considered not only on the question of the child's best interests but also on the change of circumstances requirement.

* * *

*** [W]e construe the words 'a change has occurred in the circumstances of the child or his custodian' to mean that a change in circumstances as previously shown to the court has

occurred. That construction would enable the court hearing the petition to modify to exercise its judicial discretion rather than be bound by the previous order based upon an agreement. We adopt that construction." 65 Ill. App. 3d 965, 967-68, 383 N.E.2d 9, 11-12.

We do not suggest that every time a noncustodial parent seeks to modify a stipulated custody judgment the court is to automatically find a change of circumstances and proceed to a decision based on the best interest of the child. The court must still weigh the evidence and find if the circumstances existing at the time of the prior custody hearing were different than they appeared. If the evidence indicates the custodial parent was fit and acceptable at the time of the prior hearing, then modification must rest on subsequent change of circumstances of the child or of the child's custodian. However, if the evidence indicates a lack of fitness at the time of the prior agreed judgment, then that factor should be considered in determining the propriety of a modification under the provisions of section 610 which require clear and convincing evidence.

■ While a change of circumstances cannot be found only on evidence relating to the noncustodial parent's situation at the time of the prior judgment, once there is evidence presented relating to the custodial parent's unfitness at the time of the prior judgment, the evidence on the noncustodial parent becomes relevant. This latter evidence, combined with any evidence concerning the custodial parent, can create the change in circumstances envisioned by the statute. In the current case, there was evidence as to the respondent's alleged unfitness at the time of the prior judgment, but the court prohibited evidence concerning petitioner's situation at that time. This was incorrect. Because it appears the trial court misconstrued the law, we must reverse and remand for purposes of the proper application of section 610.

■ Petitioner next contends the court erred in barring the testimony of Dr. Adkins. The court barred the doctor's testimony because his name was not listed on the answer to interrogatories. Dr. Adkins was called to testify concerning one of the children's bedwetting problems. The record indicates that respondent's interrogatories were directed at witnesses to the specific allegations contained in the petition. There was no request for a list of witnesses. Petitioner answered all the interrogatories with the appropriate witnesses. There was no question to which Dr. Adkins' name would be an appropriate response. Accordingly, we find it was error for the court to bar Dr. Adkins' testimony.

 ■ Petitioner finally complains that the court abused its discretion in ordering him to pay all of respondent's attorney fees pursuant to section 508(a)(3) of the Act. (Ill. Rev. Stat. 1985, ch. 40, par. 508(a)(3).) The allowance of attorney fees is within the sound discretion of the court. (*In re Marriage of Cotton* (1984), 103 Ill. 2d 346, 360, 469 N.E.2d 1077, 1084.) The court looks to the relative financial position of the parties, and the party seeking attorney fees must show an inability to pay and the ability of the other spouse to do so. (*Roth v. Roth* (1977), 52 Ill. App. 3d 220, 227-28, 367 N.E.2d 442, 449.) In determining whether an allowance of fees is proper, it is necessary to examine the circumstances which initiate the invocation of judicial proceedings (*Kuhns v. Kuhns* (1972), 7 Ill. App. 3d 884, 886, 288 N.E.2d 884, 886), and where the party upon whom the fees are sought to be imposed has done nothing which necessitated or required judicial action, the allowance of fees is error. *In re Marriage of Cotton* (1984), 103 Ill. 2d 346, 362, 469 N.E.2d 1077, 1086; *Kuhns v. Kuhns* (1972), 7 Ill. App. 3d 884, 886, 288 N.E.2d 884, 886.

Since the matter is remanded and there exists a possibility of a different decision, it is inappropriate for us to rule on the attorney fee issue. If there is a different decision, then according to *In re Marriage of Cotton* (1984), 103 Ill. 2d 346, 469 N.E.2d 1077, the court should reconsider the award of attorney fees.

The record also indicates the post-decree proceedings commenced with a petition alleging respondent was violating petitioner's visitation rights. The court should consider if, in fact, respondent was in violation, and, if so, then how much of her attorney fees were directed towards defense of that issue. If she was in violation, then petitioner should not be ordered to pay her fees for this defense. 103 Ill. 2d 346, 469 N.E.2d 1077.

For the above-mentioned reasons, this cause is reversed and remanded.

Reversed and remanded with directions.

GREEN and KNECHT, JJ., concur.