*In re* MARRIAGE OF CONNIE J. ANDERSEN, n/k/a Connie J. Buchs, Petitioner-Appellant, and RICHARD J. ANDERSEN, Respondent-Appellee.

Second District   No. 2—92—0010

Opinion filed October 20, 1992.

Norman E. Lindstedt and Roberta L. Holzwarth, both of Holmstrom & Kennedy, of Rockford, for appellant.

James D. Zeglis, of Reno, Zahm, Folgate, Lindberg & Powell, of Rockford, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Petitioner, Connie Andersen, n/k/a Connie Buchs, appeals from the judgment of the circuit court, in a bench trial, which changed the custody of petitioner's minor child to her former husband, Richard, the respondent. Petitioner's sole appellate contention is whether the decision to change custody was against the manifest weight of the evidence.

We will summarize briefly the relevant facts. The parties' marriage was dissolved in May 1985. The court awarded custody of seven-year-old David to petitioner. In 1990, petitioner remarried, and respondent remarried in 1991. Respondent's second wife had a nine-year-old son from a previous marriage. In August 1991, respondent filed a petition for a change of custody on the basis that David wished to live with respondent.

Respondent's home was 1½ miles from petitioner's home. Respondent stated that he had worked outside of Illinois for a while, but he returned to be closer to David. In 1988, respondent "moved to Rockford for the expressed purpose of having [David] live with" him. According to respondent, he and petitioner agreed that when David turned 13, he would live with respondent. Respondent further testified that he sought custody of David because that is what respondent always wanted and because respondent believed it would be better for David to live with respondent during David's teenage years. Respondent admitted that David was doing well in school and was well-adjusted socially. If custody were changed to respondent, David would continue at the same school. Respondent admitted that he had no complaints about the environment petitioner provided for David.

Petitioner could not recall a conversation with respondent about changing custody of David, but she admitted that when David was 10 or 11, he expressed a desire to live with respondent.

David, then 14, stated that he wanted a chance to live with his father because David was "at the age that [he] should share \*\*\* moments" with his father, which he missed. David explained that he "share[d] a lot of stuff" with his stepfather that he would prefer to share with his father. According to David, he and his parents first discussed his living with respondent when David was seven or eight years old. Petitioner told David he could live with respondent when David was 11 or 12. When asked what he would do if the court denied the petition, David responded that he would continue living with his mother until he was 16, at which point, if petitioner would not agree to a change of custody, he would return to court on his own. David stated that he had a good relationship with both stepparents.

The trial court found that custody would be appropriate with either parent. The court placed great weight on David's preference because the court found him to be very mature and his reasons were well thought out and sound. The court noted that David expected custody to be changed eventually, based on the agreement between the parties and David. The court concluded that it would be in David's best interests for custody to be changed to respondent. Petitioner timely appealed.

■ Petitioner contends that the trial court erred in modifying the custody judgment. A custody determination is a matter of the trial court's discretion. (*In re Custody of Sussenbach* (1985), 108 Ill. 2d 489, 498.) The controlling statutory section provides in relevant part:

"(b) The court shall not modify a prior custody judgment unless it finds by clear and convincing evidence, upon the basis of facts that have arisen since the prior judgment or that were unknown to the court at the time of entry of the prior judgment, that a change has occurred in the circumstances of the child or his custodian \*\*\* and that the modification is necessary to serve the best interest of the child." (Ill. Rev. Stat. 1991, ch. 40, par. 610(b).)

The statute raises a presumption in favor of the present custodian. (*In re Marriage of Valter* (1989), 191 Ill. App. 3d 584, 590.) If the trial court finds that the presumption is overcome, its determination is afforded great deference, since the trial court had the opportunity to observe the witnesses' demeanor and to assess their credibility. (*Sussenbach*, 108 Ill. 2d at 499.) Thus, the reviewing court will disturb the trial court's decision only if it was against the manifest weight of the evidence. 108 Ill. 2d at 499.

Petitioner asserts that the trial court's judgment was against the manifest weight of the evidence because there was no change of cir-

cumstance to support the trial court's decision. Respondent argues that he satisfied this requirement by showing that he and petitioner had both remarried since the dissolution judgment. While these events do constitute a "change of circumstance" in the generic sense, they are insufficient under these facts to support the modification of custody.

First, the circumstances of the noncustodial parent are irrelevant until the court has determined that the circumstances of the custodial parent or of the child have changed. (See *In re Marriage of Gibbons* (1987), 158 Ill. App. 3d 998, 1003.) Second, and more importantly, "[c]ustody cannot be modified unless there is a material change in the circumstances of the child related to the child's best interests and unless the evidence establishes either that the parent to whom custody was originally awarded is unfit or that the change in conditions is directly related to the child's needs." (*In re Marriage of Eldert* (1987), 158 Ill. App. 3d 798, 805; see also *In re Marriage of Fuesting* (1992), 228 Ill. App. 3d 339, 344; Ill. Ann. Stat., ch. 40, par. 610, Historical & Practice Notes, at 93 (Smith-Hurd 1980).) Here, petitioner's remarriage did not have a negative effect on David's needs or best interest.

However, the trial court found that the change of circumstances which directly related to David's needs and best interest were that he had matured and that there was an understanding between the parties, and an expectation by David, that he would live with respondent when David reached adolescence.

Petitioner cites *Garner v. Garner* (1977), 46 Ill. App. 3d 56, and *Stickler v. Stickler* (1965), 57 Ill. App. 2d 286, for the proposition that the child's desire for a change of custody is insufficient to establish a change of circumstance. Those cases do not support that proposition. In *Garner*, the appellate court found that because the interview of the child was conducted by the trial judge, *in camera*, without notice to the parties and the substance of the interview was not a part of the record, there was no evidence to support the trial court's findings. (*Garner*, 46 Ill. App. 3d at 60.) In *Stickler*, as part of the settlement agreement, the children were allowed to choose with whom they would live. The children chose to live with their father, but one of the children subsequently changed her mind, and the mother sought custody. In reversing the trial court's modification of custody, the appellate court stated:

> "We have only the court's finding that [the child] has changed her preference as to custodian. No testimony was taken, and there was no finding that the change was necessary for the

child's welfare. On the other hand, the court did find that [the child] has great love and affection for both her parents and would comply with whatever order the court enters. *** [T]he court also found that both parents were fit and proper persons to have custody of their child.

Under all these circumstances it is our conclusion that the mere change in a child's preference as to the parent with whom she would like to live is not a sufficient change in circumstances to warrant transfer of the child's custody." (*Stickler*, 57 Ill. App. 2d at 291.)

Neither case held that the preference of the child can never be sufficient to constitute a change of circumstances. Moreover, the facts of both *Garner* and *Stickler* make them distinguishable from the present situation. Here, by contrast, the trial court heard testimony from the parties and David, the interview was on the record and the parties' attorneys were present, and the court found that a change of custody was in David's best interest.

■ The trial court should give considerable weight to a mature child's custodial preference when it is based on sound reasoning. (*Valter*, 191 Ill. App. 3d at 590.) The trial court's finding that a change of custody is in the child's best interest may be based on the child's preference where the child's reasons are related to his best interest. (See *In re Marriage of Edsey* (1990), 199 Ill. App. 3d 39, 55.) The trial court found that David had sound reasons for his preference and his decision was mature. David stated that he wanted to live with his father so he could bond with him before growing up, and David indicated that he would feel more comfortable discussing adolescent problems with his father than with his stepfather. In addition, David was 14 years old at the time of the hearing, and he stated that if the petition were denied, he would return to court when he was 16 years old to file a petition on his own behalf. See Ill. Rev. Stat. 1991, ch. 40, pars. 2202, 2203—1.

■ However, even if we agreed with petitioner, the trial court based its finding of changed circumstances on different grounds, that David had matured, which was the triggering event for the change of custody to which the parties agreed. We disagree with petitioner's argument that the agreement between the parties is insignificant. Despite petitioner's testimony that she failed to recall an agreement, the trial court found that the parties "contemplated" that custody would be changed when David reached adolescence. Although the "promise" was not binding on the court, it was a relevant factor in the trial court's determination.

Petitioner asserts that the maturation of the child can *never* be sufficient to constitute a change in circumstances, although she fails to cite any authority for this proposition. However, a custodial arrangement that may be in the best interest of a seven-year-old child may not be in the best interest of a 14-year-old boy. We decline to create a new rule which would ignore that reality and which would be contrary to the spirit of the statute. Thus, there was sufficient evidence to support the trial court's finding of a change of circumstances related to David's needs and best interest.

■ In the final analysis, the child custody provisions are designed to serve one end: the best interest of the child. (*In re Estate of Whittington* (1985), 107 Ill. 2d 169, 177; *In re Marriage of Staszak* (1991), 223 Ill. App. 3d 335, 341.) Section 602 of the Illinois Marriage and Dissolution of Marriage Act (Act) sets forth seven factors the court should consider to make that determination. Ill. Rev. Stat. 1991, ch. 40, par. 602(a).

On the first factor, the wishes of the parents, the evidence was evenly divided. We have already discussed the evidence relating to the second factor, the child's wishes. For the third factor, the evidence showed that David had a good relationship with all the people involved. The fourth factor, the child's adjustment to his home, school and community, is of little weight as there will be no significant change. The fifth factor also is of no weight here, as everyone involved is mentally and physically healthy. The sixth factor, the threat of violence, does not apply here. Regarding the last factor, the willingness of each parent to encourage a close relationship between the child and the other parent, the evidence does not show that respondent would interfere with David's relationship with petitioner.

Since all the evidence for each factor is divided equally, the only remaining factor for the court to consider was David's wish to live with respondent. As we discussed above, the trial court found that David's reasons were sound and related to his needs and welfare. Evidently, the trial court believed that it would best serve David through the difficult journey from boyhood to manhood for him to have the guidance of, and day-to-day contact with, his father. We conclude that the evidence supports the trial court's determination that David's best interest will be served by changing his custody to respondent.

Furthermore, we note that the purpose of section 610(b) of the Act, to promote stability in the child's environment and relationships, will not be impaired by the trial court's decision. (*Valter,* 191 Ill. App. 3d at 590.) David will attend the same school and have the same friends, and he will be residing only 1½ miles from his former abode.

We conclude that the trial court's finding that a change of circumstances occurred was not against the manifest weight of the evidence, and the court's determination that it would be in David's best interest to live with respondent was not an abuse of discretion. (See *In re Custody of Sussenbach* (1985), 108 Ill. 2d 489, 499.) Therefore, we affirm the judgment of the circuit court of Winnebago County.

Affirmed.

WOODWARD and McLAREN, JJ., concur.