In re MARRIAGE OF LINDA BRUDD, Petitioner-Appellant, and FRANK A. BRUDD, Respondent-Appellee.

Third District    No. 3—98—0729

Opinion filed August 5, 1999.

Maureen A. Harton (argued), of Orland Park, for appellant.

John S. Rossi (argued) and William J. Phelan, both of Schenk, Duffy, McNamara, Phelan, Carey & Ford, Ltd., of Joliet, for appellee.

JUSTICE KOEHLER delivered the opinion of the court:

The petitioner in this custody modification action, Linda Brudd, appeals the Will County circuit court's order transferring the custody of her minor child to the respondent, Frank Brudd. We must decide whether the circuit court abused its discretion in determining there was a material change in circumstances since the initial judgment that justified a change in custody of the child from the mother to the father. In so doing, we must answer the following question: Was the transfer in custody necessary to serve the child's best interest (750 ILCS 5/610(b) (West 1994))? Because the circuit court did not abuse its discretion, we affirm.

## I. FACTS

In September 1997, the respondent filed a petition to modify custody pursuant to section 610 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/610 (West 1994)) alleging a substantial change in circumstances since the judgment of dissolution of marriage was entered in December 1993. Specifically, the respondent alleged that the petitioner provided an unstable home environment for their five-year-old child. Furthermore, the respondent alleged that: (1) the child was exposed to violence when the petitioner's male friend fractured the petitioner's jaw in the child's presence; (2) the petitioner and her male companions were intoxicated while in the child's presence; and (3) the petitioner lacks the ability and willingness to properly supervise the child. Moreover, the respondent asserted that the petitioner's arrest for endangering the life or health of a minor and her conviction for indirect criminal contempt for violation of visitation rights contributed to a substantial change in circumstances.

After a hearing on the petition to modify custody, the circuit court granted the respondent's petition, concluding that he had proven by clear and convincing evidence that there had been a material change in circumstances since the initial judgment; therefore, a modification was in the best interest of the child. In August 1998, the circuit court entered its final order transferring the custody of the minor to the respondent, and the petitioner now appeals.

## II. ANALYSIS

■ Section 610(b) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/610(b) (West 1994)), which governs modification of child custody judgments, reads in pertinent part:

"(b) The court shall not modify a prior custody judgment unless it finds by clear and convincing evidence, upon the basis of facts that have arisen since the prior judgment or that were unknown to the court at the time of entry of the prior judgment, that a change has occurred in the circumstances of the child or his custodian, *** and that the modification is necessary to serve the best interest of the child. *** The court shall state in its decision specific findings of fact in support of its modification or termination of joint custody if either parent opposes the modification of termination."

■ Given that the circuit court hears the testimony of witnesses, observes their demeanor and receives the evidence firsthand, it is in the better position to determine the best interests of a minor. Consequently, child custody matters are left to the sound discretion of the circuit court. *In re Marriage of Fuesting*, 228 Ill. App. 3d 339, 344, 591 N.E.2d 960 (1992). A reviewing court will not disturb the circuit court's decision unless it was against the manifest weight of the evidence. *In re Custody of Sussenbach*, 108 Ill. 2d 489, 498-99, 485 N.E.2d 367, 370-71 (1985). In *In re Custody of Sussenbach*, our supreme court stated:

"Under section 610(b) the court must find by clear and convincing evidence that a change in custody is necessary to serve the best interest of the child. [Citation.] Once the court concludes that a change in custody is necessary, great deference must be accorded that decision, since the trial court is in the best position to judge the credibility of the witnesses and determine the needs of the child. [Citation.] It is not for a reviewing court to try the case *de novo* but merely to determine whether the trial court's transfer of custody constituted an abuse of discretion. In other words, the question for the reviewing court is whether the trial court's decision is contrary to the manifest weight of the evidence." *Sussenbach*, 108 Ill. 2d at 498-99, 485 N.E.2d at 370-71.

■ Child custody cannot be modified unless there is a material change in the circumstances of the minor related to the best interests of the minor. *In re Marriage of Nolte*, 241 Ill. App. 3d 320, 326, 609 N.E.2d 381, 385 (1993). Furthermore, changed conditions alone do not warrant a modification of custody without finding that such changes also affect the welfare of the minor. *Nolte*, 241 Ill. App. 3d at 325-26, 609 N.E.2d at 385.

In the case at bar, the petitioner argues that the circuit court improperly granted the respondent's petition because its determina-

tion of a change in circumstances was against the manifest weight of the evidence. The petitioner urges that *In re Marriage of Nolte*, 241 Ill. App. 3d 320, 609 N.E.2d 381, compels reversal. In *Nolte*, the father filed a petition to modify an award of custody of his children to their mother. At the ensuing hearing, the father established that the mother was cohabitating with a man not her husband, she had lived at four different locations since their divorce, he had remarried, and he was financially better able to take care of the children. At the close of the evidence, the circuit court modified the prior order by terminating the mother's custody, awarding the father custody, terminating the father's child support payments, and awarding the mother nonovernight visitation. *Nolte*, 241 Ill. App. 3d at 326-30, 609 N.E.2d at 385-88.

The mother appealed, and this court reversed because the circuit court failed to apply the appropriate standard. Instead of examining the evidence to determine whether the father had proven a change in circumstances by clear and convincing evidence, the circuit court simply made a determination that the father could provide a more appropriate family unit. In other words, the circuit court visited the custody issue *de novo*. In the instant case, on the other hand, the circuit court weighed the evidence under the appropriate standard and determined that the respondent had established, by clear and convincing evidence, that the circumstances had changed and the minor child's best interests would be served if custody was transferred to the respondent.

■ In so ruling, the circuit court noted the petitioner's pattern of bad judgment and impulsiveness, in addition to her numerous jobs, hours and boyfriends. Specifically, the circuit court noted the petitioner's conviction for indirect criminal contempt, the improper supervision of the minor by a heavy-drinking boyfriend and an out-of-control half-sister, the petitioner's improper instruction to the minor's school denying the respondent access to records and information, the petitioner's charge for driving under the influence and her violation of a judicial driving permit, and the petitioner's impulsive marriage to her current husband. Further, the circuit court addressed the incident in which the petitioner left her minor child with an acquaintance at McDonald's and failed to return prior to the acquaintance leaving the child with McDonald's employees. The circuit court concluded that the petitioner is unstable, impulsive, and lacking insight. The circuit court also noted that the respondent had stable employment, properly exercised his visitation rights, fulfilled his child support obligations, and had a stable relationship with his fiancée. Given these facts, we cannot say that the circuit court's conclusion that there had been a material change in circumstances since the initial judgment was against the manifest weight of the evidence.

We must next decide whether the circuit court erred in taking judicial notice of the unrelated Will County circuit court file, No. 95—D—2625. The file, of which the circuit court took judicial notice, concerns an unrelated case involving a custody dispute between the petitioner and her former husband, Del Craaybeek, and the custody of their teenage daughter. The circuit court explained that it took judicial notice of the court file, but found relevant only the circuit court order granting a change of custody, the letters from a doctor indicating that no counseling had occurred, and a letter indicating that the petitioner participated in a parenting program workshop. Furthermore, the circuit court specifically stated that it did not read the transcript concerning the testimony of the petitioner's two older girls.

■ "Taking judicial notice of matters of record in other cases in the same court is simply an application of the increasingly recognized principle that matters susceptible of judicial notice include facts 'capable of immediate and accurate demonstration by resort to easily accessible sources of indisputable accuracy.'" *People v. Davis*, 65 Ill. 2d 157, 161, 357 N.E.2d 792, 794 (1976), quoting E. Cleary, McCormick on Evidence § 330, at 763 (2d ed. 1972). Generally, "a court will not take judicial notice of the proceedings in another case unless the parties are the same and the outcome of the other case is determinative of some issue in the cause under consideration. [Citation.]" *Hastings v. Gulledge*, 272 Ill. App. 3d 861, 866, 651 N.E.2d 778, 783 (1995). See *Davis*, 65 Ill. 2d at 165, 357 N.E.2d at 794.

■ We conclude that the circuit court erred in taking judicial notice of the other file in this case because the parties were not the same in both cases. Instead, only the petitioner was a party to both actions. However, we also conclude that this error was harmless. To constitute reversible error, the petitioner must prove that she was prejudiced to the extent that the evidence materially affected the outcome. *In re Marriage of Willis*, 234 Ill. App. 3d 156, 160-61, 599 N.E.2d 179, 183 (1992). The evidence from the unrelated file was not heavily relied upon by the circuit court in its decision to modify custody. Rather, the circuit court in granting the petition specifically stated many other reasons for its decision as indicated *supra*. It is unlikely that, had the court not taken judicial notice, the outcome would have been any different. Certainly, the petitioner has not established that a different outcome would have occurred, as is her burden. *In re Marriage of Willis*, 234 Ill. App. 3d at 160-61, 599 N.E.2d at 183. Accordingly, we conclude that the circuit court's error was harmless.

■ The final issue we must decide is whether the circuit court abused its discretion when it refused to allow the petitioner to cross-examine the respondent as to alleged acts of physical violence that oc-

curred prior to the order dissolving the marriage. "[T]he trial court's determination that an area of inquiry falls outside the proper scope of cross-examination should not be disturbed unless it is a clear abuse of discretion which results in manifest prejudice" to the examining party. *People v. Terrell*, 185 Ill. 2d 467, 498 (1998).

The petitioner contends that the circuit court abused its discretion in restricting her cross-examination of the respondent as to acts of physical violence that he perpetrated upon her during the course of their marriage. On direct examination, the respondent testified concerning a battery charge that was brought against him by the petitioner but later dismissed. On cross-examination, counsel for the petitioner attempted to question the respondent concerning other acts of physical violence that occurred during the course of their marriage. The circuit court ruled that the petitioner could ask about the same incident that was mentioned on direct examination but about no other incident unless it led to a conviction. The petitioner proceeded to question the respondent on the same incident as testified to during direct examination.

First, the petitioner argues that the circuit court ruled improperly because the parties were divorced by way of stipulation. Further, the petitioner contends that the circuit court did not make any factual findings as to the best interest of N.B. or exercise any judicial discretion in awarding custody of N.B. to the petitioner. Accordingly, she should have been permitted to cross-examine the respondent as to the incidents in question. The respondent counters that the evidence that the petitioner wanted to bring to the court's attention had in fact been known to the court at the time the prior judgment was entered and, in any event, the petitioner was not prejudiced by the omission of this line of questioning.

Section 610(b) of the Illinois Marriage and Dissolution of Marriage Act specifically provides that a modification of a prior custody order will not be made unless facts are shown that either arose after the prior judgment or "were unknown to the court at the time of entry of the prior judgment." 750 ILCS 5/610(b) (West 1994). Therefore, the question for this court is whether these prejudgment facts were unknown to the court at the time of the prior judgment. The petitioner relies on *Boggs v. Boggs*, 65 Ill. App. 3d 965, 383 N.E.2d 9 (1978), in ascribing error. There, the mother and father were each initially awarded one of their two daughters. That award carried with it an inherent finding of fitness of both parents, pursuant to a stipulation of both. The father subsequently sought modification and introduced evidence of the mother's unfitness. Such evidence was in existence at the time of the initial custody hearing but was unknown to the circuit court.

The mother appealed, but this court affirmed. In so doing, we held that the circuit court properly considered evidence of facts unknown to the court at the time of the final custody judgment because "there [was] no indication that the finding [as to the fitness of the respondent as a parent] was based upon anything other than the agreement of the parties." *Boggs*, 65 Ill. App. 3d at 968, 383 N.E.2d at 12. The parties' stipulation did not prevent the court from examining the issue on the merits for a first time. *Boggs*, 65 Ill. App. 3d at 968, 383 N.E.2d at 12.

■ In the instant case, on the other hand, the circuit court examined the prior court record and determined that the prior court was aware of the facts at issue. Specifically, the circuit court noted:

"I have now looked through the initial petition filed for the order of protection and the petition for rule to show cause alleging violations and the petition for modification. Those pleadings on which, according to the docket, resulted in the full hearings related to nearly all of the incidents you have mentioned from the dates of the police reports.

The Court's ruling stands. We are not going to go behind the judgment date of December 29, 1993."

The circuit court's conclusion that the prior court had knowledge of the facts at issue was not against the manifest weight of the evidence. Accordingly, no abuse of discretion incurred when the circuit court refused to allow the petitioner to cross-examine the respondent as to such incidents of violence.

## III. CONCLUSION

In sum, we conclude that the circuit court's decision was not against the manifest weight of the evidence where the court weighed the evidence under the appropriate standard and determined that the respondent had established, by clear and convincing evidence, that circumstances had changed. Accordingly, we conclude that the circuit court did not abuse its discretion when it concluded that the minor child's best interests would be served if custody was transferred to the respondent, and, therefore, we affirm.

Affirmed.

HOLDRIDGE, P.J., and HOMER, J., concur.