MICHAEL L. DONNER, Plaintiff-Appellant, v. DEERE AND COMPANY *et al.*, Defendants-Appellees.

Third District   No. 3—93—0400

Opinion filed December 30, 1993.—Rehearing denied March 8, 1994.

Anesi, Ozman & Rodin, Ltd., of Chicago (Marc A. Taxman, of counsel), for appellant.

Katz, McAndrews, Balch, Lefstein & Fieweger, of Rock Island (Samuel S. McHard, of counsel), for appellees.

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiff, Michael L. Donner, retained attorney Marc A. Taxman to file this personal injury suit against the defendants, Deere & Company and Western Structural Company. The suit progressed as scheduled and was near trial when attorney Taxman failed to appear at a pretrial conference scheduled for April 8, 1993. Thereupon, the trial court dismissed the cause of action with prejudice as a sanction pursuant to Supreme Court Rules 218 and 219(c) (134 Ill. 2d Rules 218, 219(c)). The plaintiff appeals. We reverse because the drastic

sanction of dismissal with prejudice should only be imposed after progressively harsher sanctions have been used to gain compliance with the court's orders.

The record shows that trial of the case was originally scheduled to begin on November 9, 1992. Sometime in October 1992, Taxman filed a motion to continue the trial because the plaintiff's treating physician in California, Dr. Watanabe, had died. Taxman represented that, because of Watanabe's death, it was necessary to consult and retain a medical expert. The trial court granted the continuance.

About three months later, the defendants filed a motion pursuant to Supreme Court Rule 220 (134 Ill. 2d R. 220) to bar the plaintiff from naming any expert, alleging that the plaintiff had not disclosed the identity of any new expert within the last three months and less than 60 days remained before the scheduled March 1993 trial date. At the hearing on the motion, Taxman informed the court that he would not need to retain and disclose a Rule 220 expert. The trial court entered an order indicating that the parties had agreed that a Rule 220 expert would not be called.

Thereafter, the trial court entered an order setting the case for trial to begin on April 5, 1993. On March 12, 1993, the trial court entered an order scheduling the final pretrial conference for March 19, 1993. The court specifically noted that if the plaintiff's attorney failed to appear at that time, the plaintiff's case would be dismissed pursuant to Supreme Court Rules 218 and 219(c). The court also ordered that the parties be prepared to stipulate or state specific objections as to bills for special damages and that the plaintiff prepare and serve a pretrial memorandum, prior to the said pretrial, listing the name of each treating doctor, hospital or other treater, the respective amount, the loss of income, and the total amount of special damages.

Shortly before the March 19, 1993, hearing the plaintiff scheduled the evidence deposition of Dr. Emily Iker to be taken in California on April 1. At the March 19 pretrial hearing, the plaintiff did not comply with the court's order to present his special damages. The pretrial hearing was continued to March 26. On March 24, the defendant filed a motion for a protective order to bar the taking of the evidence deposition of Dr. Iker in California. The defendant asserted that the deposition scheduled was untimely and that the plaintiff's attempt to add an expert medical witness was in violation of the court's previous order. In the alternative, the motion asked that the trial of the case be continued.

At the March 26, 1993, hearing, the trial court denied the defendant's motion for a protective order but allowed the trial of the case to

be continued to July 1993. The order stated that the continuance was "by agreement of the parties." That March 26 order further stated that "the plaintiff is under court order to produce all of [the plaintiff's] tax returns from 1987 through 1992 or provide an affidavit by March 30, 1993, that no such returns were prepared." The court ordered that Taxman file the returns with the court on or before April 2, 1993, or be barred from putting on any evidence regarding the same. The order also noted that Taxman failed to submit his draft jury instructions on time. The pretrial conference was continued to April 7, 1993.

Thereafter, Taxman obtained a continuance of the pretrial hearing to April 8, 1993. On April 7, Taxman spoke on the phone with defendant's counsel, Sam McHard, and pursuant to that conversation he faxed McHard an emergency motion to continue the April 8 pretrial. The motion represented that Taxman had a deposition in another case and that the defense attorney in that case refused to continue the deposition and the case was scheduled for trial on April 13, 1993. According to Taxman, he attempted to call the court on the afternoon of the 7th but was unable to reach the judge and that McHard was in "complete agreement" with the emergency motion and indicated that he would present it to the court the next day. According to McHard, he never stated that he was in agreement; rather, he merely agreed that he would present the motion to the court.

At the April 8 hearing, Taxman did not appear. McHard presented Taxman's emergency motion to the court, along with three motions of his own: (1) a motion to compel plaintiff to produce his income tax returns and to sanction plaintiff for repeated failure to produce them; (2) a motion to bar the evidence deposition of Dr. Iker; and (3) a motion to bar testimony or admission of exhibits regarding medical expenses and special damages because the plaintiff failed to provide information regarding the same in violation of the orders entered on March 12, 19, and 26. Taxman did not receive any notice of McHard's motions.

The trial court *sua sponte* dismissed the plaintiff's case with prejudice as a sanction pursuant to Supreme Court Rule 218 and 219(c) and then granted each of the defendant's motions.

At the hearing on the plaintiff's motion to reconsider, Taxman argued that he had a legitimate, out-of-town engagement regarding the taking of a deposition in another case with the trial scheduled one week later while this case was not due for trial for over three months. He also claimed that all pretrial matters were completed in the instant case except to edit the recent depositions. He further noted that

on April 12, 1993, he complied with the court's order regarding medical bills and special damages. The trial court, in denying the motion to reconsider, noted that it granted the continuance of the trial to July of 1993 as an accommodation to Taxman because it did not want to bar his expert. The court further noted that it had a crowded docket and had specifically reserved the week of April 5 to handle all pretrial matters.

### DISMISSAL WITH PREJUDICE

The plaintiff first argues that the trial court erred in dismissing his cause of action with prejudice. He further argues that dismissing his case with prejudice was a drastic sanction that should not have been imposed given the circumstances. He contends that the court should have imposed a less severe alternative sanction.

■■ Supreme Court Rule 219(c) provides that a trial court may enter a just order where a party unreasonably refuses to comply with discovery or a discovery order. (134 Ill. 2d R. 219(c).) The rule outlines a nonexclusive list of sanctions which the trial court may impose, including, *inter alia*, a stay in the proceedings, the barring of testimony, the striking of claims or defenses, the awarding of fees and costs, the institution of contempt proceedings, entry of a default judgment and dismissal of the offending party's action with prejudice. (*Kubian v. Labinsky* (1988), 178 Ill. App. 3d 191, 533 N.E.2d 22.) The imposition of sanctions for noncompliance with the rule is a matter generally left to the sound discretion of the trial court, and its decision will not be reversed absent an abuse of discretion. (*Simmons v. Shimek* (1985), 139 Ill. App. 3d 927, 488 N.E.2d 283.) However, the sanction of dismissal of the action is the most drastic and one which should be imposed reluctantly and only as a last resort when all other enforcement powers at the court's disposal have failed to advance the litigation. (*Kubian v. Labinsky* (1988), 178 Ill. App. 3d 191, 533 N.E.2d 22.) The dismissal sanction should not be invoked except in those cases where the actions of the party show a deliberate, contumacious and unwarranted disregard of the court's authority. *Wilkins v. T. Enterprises, Inc.* (1988), 177 Ill. App. 3d 514, 532 N.E.2d 469.

■ In the instant case, we find that the trial court's sanction of dismissal with prejudice must be reversed. We do not believe that the plaintiff's attorney's failure to appear at the April 8 hearing amounted to a deliberate, contumacious disregard of the court's authority. In that regard, trial in the case was not scheduled for another 3½ months. When Taxman discovered that he had a deposition in another case, the scheduled trial of which was more imminent, he imme-

diately attempted to contact the court by telephone. When he was unable to reach the court, he contacted the opposing attorney, Sam McHard, who agreed to present to the court Taxman's motion for a continuance. On the day of the scheduled hearing, McHard did present the court with Taxman's motion for a continuance, but he also presented three motions of his own. Yet, McHard failed to give Taxman any notice that he intended to present these motions.

Under these facts, we find that while sanctions may have been appropriate in this case, there were a number of other less severe sanctions at the court's disposal with which it might have achieved full compliance with discovery and still allowed for a trial on the merits of the plaintiff's cause of action. We note that the sanction of dismissal with prejudice was the first sanction imposed in this case. The case law requires that such a sanction should only be used as a last resort, the implication being that progressively harsher sanctions should be employed to achieve compliance. (See *Kubian v. Labinsky* (1988), 178 Ill. App. 3d 191, 533 N.E.2d 22.) We find that Taxman's conduct in this matter may have warranted a minor sanction but not the drastic sanction of dismissal with prejudice. Accordingly, we vacate the dismissal of the case with prejudice and remand for a proper sanction order consistent with this opinion.

As an additional matter, we note that it was asserted that the last continuance of the trial was granted as a concession to the plaintiff in lieu of barring his expert witness, Dr. Iker. However, the record indicates that the last continuance was granted on the defendant's motion and was agreed to by both parties. Moreover, it is apparent that there was no merit to the defendant's assertion that Dr. Iker was a Rule 220 expert who had to be disclosed. (See *Tzystuck v. Chicago Transit Authority* (1988), 124 Ill. 2d 226, 529 N.E.2d 525 (treating physician who will testify to medical opinion at trial is not an expert witness for purposes of discovery and disclosure requirements of Rule 220).) Accordingly, we do not find that the blame for the delay in the trial date can be properly charged to the plaintiff.

## BARRING OF EVIDENCE

The plaintiff argues that the trial court erred in granting the defendant's motion to bar the following evidence: (1) the deposition of the plaintiff's treating physician, Dr. Iker; (2) the plaintiff's tax records; and (3) the plaintiff's special damages.

■ Regarding the defendant's motion to bar the evidence deposition of Dr. Iker, we note that the defendant asserted that Dr. Iker was a Rule 220 expert who had to be disclosed by the plaintiff. How-

ever, Dr. Iker was in fact a treating physician and there is some indication from the record that the defendant's attorney could have known of Dr. Iker's treatment of the plaintiff as early as 1990, three years prior to the scheduled trial. Since it should have been clear that Dr. Iker was a treating physician, we find that the trial court erred in granting the defendant's motion to bar the testimony. We further find that the court erred in barring the plaintiff's tax records and special damages. In so finding, we note that those items were submitted by the plaintiff shortly after the April 8 hearing and were minor details in view of the fact that the trial date was some 3½ months away.

### MOTION FOR CONTINUANCE

Finally, the plaintiff argues that the trial court abused its discretion in not granting his motion for a continuance on April 8.

■■■ It is well settled that the decision of whether to grant a continuance is within the sound discretion of the trial court. This is true regardless of whether it is an agreed motion. (See *Nixon v. Harris* (1975), 31 Ill. App. 3d 204, 333 N.E.2d 667.) Here, we find that the trial court did not abuse its discretion in refusing to grant a continuance. The trial court has a responsibility to manage its docket efficiently for the good of all litigants, in all cases before the court, and attorneys cannot willfully decide on continuances on their own. However, we further find that, in light of our resolution of the foregoing issues, the trial court's decision denying the motion for a continuance does not affect the outcome of the case or the other issues presented on appeal.

For the foregoing reasons, we reverse the judgment of the circuit court of Rock Island County and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded.

McCUSKEY, P.J., and STOUDER, J., concur.