(No. 75868.

RUSSELL MOORE, Appellee, v. CENTREVILLE TOWNSHIP HOSPITAL, Appellee (Davinroy Heating and Plumbing Company, Appellant).

*Opinion filed April 21, 1994.—Rehearing denied May 27, 1994.*

Michael Reda, of Evans & Dixon, of Edwardsville, for appellant.

Edward J. Kionka, of Carbondale, for appellee Russell Moore.

Carole M. Hummel and A.J. Nester, of Belleville, for appellee Centreville Township Hospital.

CHIEF JUSTICE BILANDIC delivered the opinion of the court:

The plaintiff, Russell Moore, brought an action in the circuit court of St. Clair County against the defendant, Centreville Township Hospital (hereafter, hospital). The plaintiff sought damages for personal injuries he suffered while performing sewer repair work at the hospital. The hospital, in turn, filed a third-party com-

plaint against Albert Davinroy, doing business as Davinroy Plumbing and Heating Company (hereafter, Davinroy), the plaintiff's employer, seeking contribution. The jury returned a verdict in favor of the plaintiff and against the hospital. The jury also returned a verdict on the hospital's contribution action finding Davinroy 80% at fault and the hospital 20% at fault for the plaintiff's injuries. The trial court entered judgment on the jury's verdict and denied Davinroy's motions for judgment notwithstanding the verdict and for a new trial. Both the hospital and Davinroy appealed. The appellate court affirmed. (246 Ill. App. 3d 579.) We allowed Davinroy's petition for leave to appeal (134 Ill. 2d R. 315).

### Facts

In June of 1983, a sewer leak occurred on the hospital's premises. The hospital hired Davinroy to excavate and discover the origin of the leak and to repair the break in the sewer line. Davinroy assigned the plaintiff, its employee, to work on the sewer repair job. Davinroy employees dug two holes, a main trench and a smaller sump hole. The sump hole was utilized to facilitate the drainage of sewage and water from the main trench so that Davinroy's employees could repair the sewer line. The hospital provided a sump pump, which was used to pump water and sewage out of the sump hole.

The plaintiff testified that, on the day of the accident, he was working in the main trench when he heard the sump pump clog. He climbed out of the main trench and walked to the sump hole. As he squatted on the edge of the sump hole to pull the pump up, he felt the ground begin to give way. To avoid falling into the sump hole, the plaintiff jumped across the hole. As he jumped, the plaintiff hit his head on the bucket of a backhoe which was parked next to the hole. The plaintiff was dazed, but was not knocked unconscious. The plaintiff continued to work that day and until the job was completed, approximately 10 days later.

On June 18, the plaintiff saw his family physician, Dr. Freeland. The plaintiff complained that his head, neck, and back hurt, and he was given a neck brace. Freeland admitted the plaintiff to Memorial Hospital and ordered a CT scan of the plaintiff's neck. The scan revealed an incomplete fracture of the C-3 vertebrae.

The plaintiff subsequently filed a complaint against the hospital. Count I of the complaint alleged that the hospital violated the Structural Work Act (740 ILCS 150/0.01 *et seq.* (West 1992)). Count II alleged that the hospital was negligent in failing to provide a safe work place for the plaintiff. Count III alleged that the hospital was vicariously liable for the negligence of Davinroy. The jury returned a verdict in favor of the plaintiff on each count and awarded him $340,000 in damages. On the third-party complaint, the jury found Davinroy 80% at fault and the hospital 20% at fault. The trial court entered judgment on the jury's verdict, apportioning 80% of the damages to Davinroy and 20% of the damages to the hospital. The appellate court affirmed. (246 Ill. App. 3d 579.) We granted Davinroy's petition for leave to appeal to consider whether this court's decision in *Kotecki* applies prospectively only. Davinroy argues that the trial court erred in denying its post-trial motion for judgment notwithstanding the verdict and remittitur because the amount of contribution assessed against it was contrary to this court's decision in *Kotecki v. Cyclops Welding Corp.* (1991), 146 Ill. 2d 155. Davinroy argues that, under *Kotecki*, its liability for contribution may not exceed the workers' compensation benefits it paid to the plaintiff.

The hospital responds that Davinroy failed to adequately preserve the *Kotecki* issue in the trial court, and thereby waived its right to raise that issue on appeal. We reject this claim. Davinroy's post-trial motion alleged, *inter alia*, that the jury's verdict against it

as to the contribution issues was excessive. This allegation was sufficient to preserve the *Kotecki* issue for appellate review.

The hospital also argues that *Kotecki* applies prospectively only, and does not govern cases such as this, where the trial was concluded before *Kotecki* was decided. We disagree. In *Lannom v. Kosco* (1994), 158 Ill. 2d 535, filed this date, we state that the decision in *Kotecki* applies retroactively to all actions which were pending at the time that decision was announced. The present action was not final, but was pending on direct review in the appellate court at the time *Kotecki* was decided. Accordingly, Davinroy's contribution liability is limited under *Kotecki* to its workers' compensation liability to the plaintiff. The trial court erred in denying Davinroy's request for remittitur, and the appellate court erred in affirming the trial court's decision in this respect.

The judgments of the appellate court and the circuit court are reversed, and the cause is remanded to the circuit court with directions to enter judgment on the third-party complaint against Davinroy in an amount equal to Davinroy's workers' compensation liability to the plaintiff.

*Appellate court reversed;*
*circuit court reversed;*
*cause remanded with directions.*