ROBYNNE HASTINGS, Plaintiff-Appellant, v. DWIGHT GULLEDGE, Defendant-Appellee.

Fifth District   No. 5—93—0834

Opinion filed June 20, 1995.

GOLDENHERSH, J., dissenting.

Paul Thomas Austin, of Paul Thomas Austin & Associates, of Marion, for appellant.

Brad K. Bleyer, of Marion, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

Plaintiff appeals from the trial court's entry of judgment on the jury's verdict and denial of her post-trial motion for a new trial on damages only. On appeal, plaintiff claims that the trial court erred in (1) denying her motion for a new trial on the issue of damages; (2) in not taking judicial notice of an appellate court case involving different parties; (3) in denying her motion to strike the entire testimony of defendant's expert witness; and (4) in sustaining defendant's objection to questions asked of plaintiff's treating chiropractor. We affirm.

This case arises out of an automobile accident in which plaintiff was a passenger in a car that was struck from behind by a pickup truck driven by defendant. Defendant admitted liability, and the trial court directed a verdict as to liability. The jury returned a verdict for plaintiff and against defendant for a total of $6,457.75. Plaintiff was awarded $5,617.75 for her medical expenses, $340 for lost wages, and $500 for pain and suffering. The jury awarded no damages to plaintiff for disability. Plaintiff claims that she is entitled to a new trial on the issue of damages because "the jury's verdict was inconsistent [and] inadequate, and the jury ignored proven elements of damages." We disagree on all three points.

When reviewing a trial court's decision on a motion for a new trial, we must keep in mind the respective roles of the jury, the trial judge, and the reviewing court. (*Maple v. Gustafson* (1992), 151 Ill. 2d 445, 603 N.E.2d 508.)

> "Unquestionably, it is the province of the jury to resolve conflicts in the evidence, to pass upon the credibility of the witnesses, and to decide what weight should be given to the witnesses' testimony. [Citation.] A trial court cannot reweigh the evidence and set aside a verdict merely because the jury could have drawn different inferences or conclusions, or because the court feels that other results are more reasonable. [Citations.] Likewise, the appellate court should not usurp the function of the jury and substitute its judgment on questions of fact fairly submitted, tried, and determined from the evidence which did not greatly preponderate either way." *Maple*, 151 Ill. 2d at 452-53, 603 N.E.2d at 511-12.

On a motion for a new trial, the court is to weigh the evidence and set aside the verdict and order a new trial only if the verdict is contrary to the manifest weight of the evidence. (*Maple*, 151 Ill. 2d at 454, 603 N.E.2d at 512.) A verdict is against the manifest weight of the evidence if the opposite conclusion is clearly evident or if the jury findings are unreasonable, arbitrary, and not based upon any of the evidence. (*Maple*, 151 Ill. 2d at 454, 603 N.E.2d at 512-13.) Each case in which the jury's award of damages is claimed to be inadequate must be reviewed on its own facts (*Usselmann v. Jansen* (1994), 257 Ill. App. 3d 978, 629 N.E.2d 193), but, generally, no new trial will be granted in a personal injury action on the grounds of the inadequacy of the damages, particularly where the trial is otherwise error free. *Kumorek v. Moyers* (1990), 203 Ill. App. 3d 908, 561 N.E.2d 212.

The very nature of personal injury cases makes it impossible to establish a precise formula to determine whether a particular award is excessive or inadequate. (*McMahon v. Richard Gorazd, Inc.* (1985), 135 Ill. App. 3d 211, 481 N.E.2d 787.) The determination of the ade-

quacy of the verdict is peculiarly within the province of the jury, and great weight is given to the jury's decision. (*McMahon*, 135 Ill. App. 3d 211, 481 N.E.2d 787.) When reviewing a question as to the adequacy of damages, the court must consider the record as a whole. *Collins v. Straka* (1987), 164 Ill. App. 3d 355, 517 N.E.2d 1147.

The trial court's order denying plaintiff's post-trial motion ·clearly sets forth the court's reasons for denying plaintiff a new trial:

> "There was contradictory medical evidence concerning the plaintiff's injuries and the results therefrom. There was evidence of a minor impact between the vehicles, with little damage to the vehicles. There was evidence of no complaints, of injury, by the plaintiff immediately following the occurrence. There was evidence of a prior injury, to plaintiff, to the same area of the body complained of, herein. Plaintiff's credibility was attacked and there were discrepancies, or inconsistencies, in her testimony.
>
> *** The jury, obviously, did not believe, in total, the plaintiff's testimony. *** [T]he jury verdict was not against the manifest weight of the evidence, nor did the jury disregard a proven element of damages."

■ After reviewing the record in its entirety, we agree with the trial court. The fact that the jury awarded a low amount for pain and suffering is consistent with the fact that the first physician who treated plaintiff, Dr. Kane, released plaintiff on August 29, 1992, just eight days after the accident, without restrictions. The low amount of damages for pain and suffering is also consistent with the evidence presented by defendant, that the impact of the collision was very minor and that plaintiff's physical injury was merely a "sprain or strain" in her neck that would have healed within a few days or weeks.

Additionally, the damages awarded for pain and suffering are consistent with the jury's award of only part of plaintiff's medical expenses and only a portion of the lost wages she claimed. The record supports defendant's argument that plaintiff's medical expenses could be considered excessive and unnecessary after October 14, 1992, when she was released by her own physician, Dr. Robert Garner, a neurologist, to whom plaintiff was referred by her attorney after plaintiff was released by Dr. Kane. The jury awarded plaintiff $5,617.75, the exact amount of damages suggested by defendant as an amount necessary to compensate plaintiff for all medical expenses through October 14, 1992. The jury's awards for pain and suffering and medical expenses are not against the manifest weight of the evidence.

■ Similarly, the award of $340 for plaintiff's lost wages is supported by the manifest weight of the evidence. Plaintiff was working

40 hours a week and making $4.25 an hour at the time of the accident. An award of $340 equals 80 hours of employment at $4.25 per hour. Dr. Kane released plaintiff on August 29, 1992, just eight days after the accident, without restrictions. He did not refer her to any other medical professionals. Therefore, there was sufficient evidence from which the jury could believe that plaintiff was not prevented from working as a result of the accident for more than two weeks or 80 hours.

■ As to the jury's verdict on the issue of disability, the trial court found that the award of zero damages for disability was consistent with the rest of the verdict and with the evidence. Again, we agree. The jury heard conflicting evidence as to plaintiff's disability. From the verdict, it is clear that the jury chose to believe the evidence that plaintiff was not disabled in any way as a result of the accident.

Disability is clearly a separate element of damages. (*Gill v. Foster* (1992), 232 Ill. App. 3d 768, 597 N.E.2d 776, *aff'd* (1993), 157 Ill. 2d 304, 626 N.E.2d 190; *Williams v. Commonwealth Edison Co.* (1992), 232 Ill. App. 3d 85, 596 N.E.2d 759.) The jury's decision as to whether to make any award for disability and, if so, how much, is not dependent upon whether or what amount of damages are awarded for pain and suffering (*Gill*, 232 Ill. App. 3d 768, 597 N.E.2d 776) or lost wages. (*Williams*, 232 Ill. App. 3d 85, 596 N.E.2d 759.) Thus, the jury was not required to award anything to plaintiff for disability solely because it awarded her damages for pain and suffering and for medical expenses, and the trial court did not err in upholding the jury's verdict as to disability.

We hold that the trial court did not abuse its discretion in denying a new trial based upon the inadequacy or inconsistency of the verdict or based upon the jury's disregard for a proven element of damages.

Plaintiff next argues that the trial court erred in denying her request that the court take judicial notice of this court's decision in *Moore v. Centreville Township Hospital* (1993), 246 Ill. App. 3d 579, 616 N.E.2d 1321, *rev'd* (1994), 158 Ill. 2d 543, 634 N.E.2d 1102. Plaintiff argues that the facts of the *Moore* case demonstrate the bias of Dr. Herbert Rosenbaum, defendant's expert witness, and that the "prior testimony of the witnesses with regard to Dr. Herbert Rosenbaum and the type of witness he is falls squarely within the judicially noticeable category of facts." Plaintiff's argument is meritless.

■ First, the facts of the *Moore* case do not demonstrate the bias of Dr. Rosenbaum in the instant case. In *Moore*, we decided that certain evidence presented by plaintiff to show the bias of Dr. Rosen-

baum was admissible. The evidence found to be admissible consisted of negative neurological reports prepared by Dr. Rosenbaum for patients other than the plaintiff but with findings identical to the findings attributed to the plaintiff, and the testimony of a former employee of Dr. Rosenbaum that these negative findings were programmed into his office typewriters so that the findings could be listed on patients' medical reports with the touch of a single typewriter key. *Moore*, 246 Ill. App. 3d 579, 616 N.E.2d 1321.

However, that this evidence concerning events occurring around 1983 was admissible in a trial involving altogether different parties does not show that Dr. Rosenbaum was biased in the case *sub judice*. Plaintiff never attempted to show that the evidence found admissible in the *Moore* case was accurate as to Dr. Rosenbaum's practice at the time of this trial 10 years later. As the trial judge put it, the evidence offered in *Moore* "may have been accurate at the time it was given, [but] it may no longer be accurate in 1993."

Additionally, plaintiff very thoroughly cross-examined Dr. Rosenbaum concerning his practice and "the type of witness he is." Under plaintiff's cross-examination, the jury heard that Dr. Rosenbaum makes about half of his income from performing medical evaluations through Barnes Hospital, the fees he charges for the evaluations, his charges for testifying as to the results of the evaluations, and that at least 80%, or "the vast majority," of these evaluations are done for defense attorneys. The jury was given ample opportunity to assess Dr. Rosenbaum's credibility in light of his possible bias in favor of defendants generally and this defendant in particular. Any impeachment from the *Moore* case would have been cumulative at best.

Second, the statements in the *Moore* case concerning Dr. Rosenbaum are not the type of facts of which a court is allowed to take judicial notice. The general rule is that a court will not take judicial notice of the proceedings in another case unless the parties are the same and the outcome of the other case is determinative of some issue in the cause under consideration. (*Filrep, S. A. v. Barry* (1980), 88 Ill. App. 3d 935, 410 N.E.2d 1137.) If the facts of another case are readily verifiable from sources of indisputable accuracy, then they may be judicially noticed without the presentation of additional evidence if such judicial notice will aid in the efficient disposition of litigation. *Filrep, S. A.*, 88 Ill. App. 3d 935, 410 N.E.2d 1137.

As we have already stated, however, any reference to Dr. Rosenbaum in the *Moore* case was not competent or admissible to impeach Dr. Rosenbaum in the case at bar. Plaintiff's only goal in asking the court to take judicial notice of the *Moore* case was to impeach Dr. Rosenbaum by showing his bias in favor of defendants and that he

was not believable. Moreover, even if our plaintiff had demonstrated the accuracy of the evidence in the *Moore* case, the evidence presented therein was just that, evidence, subject to that jury's scrutiny. The evidence presented in *Moore* did not consist of indisputable facts, but matters about which the jury could rightfully draw its own inferences and to which the jury could assign whatever weight it.felt appropriate, even to the point of disregarding it altogether as unbelievable. Such evidence is not an indisputable fact of which a court can take judicial notice. The trial court was correct in not allowing plaintiff to circumvent the rules of evidence by taking judicial notice of the evidence amassed by another attorney in another case involving different parties so that plaintiff would not have to present this evidence herself.

Plaintiff next argues that the trial court erred in not striking the entire testimony of defendant's retained expert, Dr. Rosenbaum, due to Dr. Rosenbaum's refusal to answer certain questions regarding his finances. We disagree that striking the entire testimony of Dr. Rosenbaum would have been an appropriate sanction for the trial court under these circumstances. Supreme Court Rule 219(a) provides that if a deponent refuses to answer any questions, "the examination shall be completed on other matters or adjourned, as the proponent of the question may prefer." (134 Ill. 2d R. 219(a).) After the deposition has been completed or adjourned, upon notice to all other parties, the proponent of the question may move the court for an order compelling an answer. 134 Ill. 2d R. 219(a).

■ In the case at bar, plaintiff asked certain questions about Dr. Rosenbaum's finances and his contract with Barnes Hospital. When the doctor refused to answer the questions and provide plaintiff with a copy of the contract, plaintiff did not stop the deposition and never asked the court to compel him to answer the questions but, instead, waited until the day of trial and asked the court to strike the entire testimony. The trial court is vested with the discretion to determine what, if any, sanction is appropriate when the rules of discovery or any order concerning discovery has been violated. (*Donner v. Deere & Co.* (1993), 255 Ill. App. 3d 837, 628 N.E.2d 1171; 134 Ill. 2d R. 219(c).) The trial court did not abuse its discretion by refusing to strike the entire testimony of defendant's expert witness on the day of trial without some request before trial to compel the witness to answer the questions.

■ Plaintiff's final argument is that the trial court erred in striking certain answers of plaintiff's chiropractor regarding the permanency of plaintiff's disability on the basis that the question had already been asked and answered. However, plaintiff does not cite any

authority in support of this contention. Therefore, plaintiff has waived review of the issue by this court. (*Faulkner-King v. Department of Human Rights* (1992), 225 Ill. App. 3d 784, 587 N.E.2d 599; 134 Ill. 2d R. 341(e)(7).) Suffice it to say that the trial court was correct in its determination that the question had already been asked and answered.

Affirmed.

CHAPMAN, J., concurs.

JUSTICE GOLDENHERSH, dissenting:

I respectfully dissent. After review of the record and arguments of counsel, I conclude that plaintiff should have a new trial on the issue of damages. The award by the jury for medical expenses and pain and suffering while failing to award any sum for disability is inconsistent in this case. I agree with the majority's position that we must not substitute our judgment for that of the trial court. This case, however, is a situation in which the jury ignored a proven element of the case and is inconsistent with the other parts of its verdict. (See *Martin v. Cain* (1991), 219 Ill. App. 3d 110, 578 N.E.2d 1161; *Kumorek v. Moyers* (1990), 203 Ill. App. 3d 908, 561 N.E.2d 212.) Accordingly, I would reverse and remand for a new trial on the issue of damages.