NOTICE

Decision filed 04/18/18. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2018 IL App (5th) 160115

NO. 5-16-0115

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| ROGER DALE STANFORD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Clay County. |
| | ) | |
| v. | ) | No. 11-L-6 |
| | ) | |
| THE CITY OF FLORA and FLORA | ) | |
| CHAMBER OF COMMERCE, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Wm. Robin Todd, |
| (Flora Chamber of Commerce, Defendant-Appellee). | ) | Judge, presiding. |

_____

JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion.
Justice Cates concurred in the judgment and opinion.
Justice Overstreet concurred in part and dissented in part, with opinion.

**OPINION**

¶ 1      Plaintiff, Roger Dale Stanford, appeals from the Clay County circuit court's order granting a motion for setoff in favor of defendant, the Flora Chamber of Commerce (Chamber). Pursuant to the collateral source rule recognized by Illinois courts, we find the trial court erred in granting the motion for setoff. We further find that the jury verdict concerning plaintiff's medical expenses, disability, and lost earnings was against the manifest weight of the evidence. This cause is reversed and remanded for further proceedings consistent with this opinion.

1

¶ 2                                    BACKGROUND

¶ 3    Plaintiff, Roger Stanford, was injured on October 30, 2010, after a vehicle operated by Curt Jordan collided with the rear of plaintiff's antique tractor, which plaintiff was standing beside. At the time, plaintiff was a participant in the annual Halloween parade organized in Flora, Illinois, and plaintiff's tractor was the last vehicle in the parade. On November 10, 2010, Jordan's insurance company, Geico Indemnity Company (Geico), tendered $20,000 to plaintiff pursuant to a release and settlement agreement signed by plaintiff. On July 18, 2011, plaintiff's insurance company, State Farm Mutual Automobile Insurance Company (State Farm), tendered $280,000 to plaintiff pursuant to plaintiff's underinsured motorist policy.

¶ 4    Plaintiff and his wife, Joan Stanford, subsequently filed an amended complaint against defendants, the City of Flora (City) and the Chamber, on January 5, 2012, alleging negligence, willful and wanton conduct, and loss of consortium. Regarding the alleged negligence, plaintiff asserted that as a direct and proximate result, in whole or in part, of one or more of defendants' careless and negligent acts or omissions to act:

> "Plaintiff was greatly injured in and about his body and extremities, both internally and externally, and has and will in the future endure great pain and suffering, has and will in the future expend large sums of money in endeavoring to become cured of said injuries, has been temporarily and permanently injured as a result of said injuries and has lost wages."

¶ 5    Regarding the alleged willful and wanton conduct, plaintiff asserted defendants' failures to act and/or omissions to act were an utter indifference and/or conscious disregard for the safety of others, which caused plaintiff to sustain severe personal injuries and damages. Joan Stanford alleged loss of consortium against defendants.

¶ 6     The City and the Chamber subsequently denied the allegations and filed affirmative defenses. Relevant to this appeal, the Chamber's third and fourth affirmative defenses asserted that in the event plaintiff recovers a judgment against the Chamber, the Chamber is entitled to a setoff in the amount of $311,000 against any such judgment since plaintiff had already received $20,000 from Geico, $280,000 from State Farm under plaintiff's underinsured motorist policy, $10,000 from State Farm for medical payments, and upon information and belief that plaintiff had received $1000 from a victim's advocacy fund. Specifically, the Chamber asserted the sum of $311,000 that plaintiff received "is in full satisfaction of any and all claim that [plaintiff has] against [the Chamber], and would act as a setoff and bar of any judgment claimed that plaintiff has against this defendant."

¶ 7     On August 31, 2015, plaintiff filed a motion to strike the Chamber's affirmative defenses. Regarding the Chamber's third and fourth affirmative defenses, plaintiff argued the Chamber's allegation of a setoff entitlement is an inaccurate statement of the law. Citing our supreme court's decision in *Arthur v. Catour*, 216 Ill. 2d 72 (2005), plaintiff noted that, pursuant to the collateral source rule, benefits received by the injured party from a source wholly independent of and collateral to the tortfeasor will not diminish damages otherwise recoverable from the tortfeasor. Plaintiff also filed a motion *in limine* on August 31, 2015, requesting that the court prohibit defendants and their attorneys or witnesses from testifying or making any statements regarding any payments received by plaintiff from State Farm.

¶ 8     Oral arguments on plaintiff's motions were held on September 2, 2015. On October 20, 2015, the trial court denied plaintiff's motion to strike the Chamber's third and fourth affirmative defenses regarding a setoff entitlement but granted plaintiff's motion *in limine* prohibiting defendants from testifying or making statements regarding any payments received by plaintiff

3

from State Farm. On October 23, 2015, plaintiff filed a motion for reconsideration that asserted that "[t]o allow a setoff for underinsured or uninsured motorist insurance would directly circumvent the collateral source rule."

¶ 9    A jury trial commenced on November 2, 2015. On November 5, 2015, the trial court granted the City's motion for a directed verdict and dismissed it from this case. After the jury trial concluded on November 6, 2015, the jury tendered a verdict in favor of plaintiff and against the Chamber, finding plaintiff suffered $50,000 in damages ($25,000 for pain and suffering and $25,000 for earnings lost). The jury further found plaintiff was 10% contributorily negligent, thereby reducing the verdict to a total of $45,000. The jury awarded zero damages for medical expenses, disability, and remodeling expenses.

¶ 10    After the jury verdict, the Chamber made an oral motion based on its previously filed affirmative defense regarding a setoff entitlement. On November 16, 2015, the Chamber filed a motion for setoff to be applied to the jury verdict, requesting that the court allow a setoff in its favor for the sum of $20,000 paid by Jordan's insurer, Geico, to plaintiff and also the sum of $280,000 paid by State Farm to plaintiff under plaintiff's underinsured motorist coverage. The Chamber's motion for setoff asserted "plaintiff has previously received satisfaction in full for his claimed damages in bar of action."

¶ 11    The court granted the Chamber's motion for setoff to be applied to the jury verdict on December 7, 2015, for both the sum of $20,000 paid by Geico and the sum of $280,000 paid by State Farm. Specifically, the court stated:

"[T]he Judgment entered on the verdict of the jury is satisfied in full and [the Chamber] shall not be required to pay any sum of money to Plaintiff as a result of the November 6,

4

2015 jury verdict in favor of the Plaintiff due to the fact that the jury verdict was less than the amount of setoff to which [the Chamber] is entitled."

¶ 12   On January 8, 2016, plaintiff filed a posttrial motion requesting that the verdict concerning damages be vacated and a new trial be granted. Plaintiff further requested that the order allowing a setoff against the jury verdict for underinsured benefits received by plaintiff be reversed because it directly circumvented the collateral source rule. The Chamber filed a response to plaintiff's posttrial motion requesting that it be denied. The Chamber argued the collateral source rule was not applicable to the facts of this case and that refusing to allow the Chamber a setoff against the jury verdict would guarantee a double recovery for plaintiff. After hearing oral arguments on the aforementioned motions, the trial court denied plaintiff's posttrial motion. This appeal followed.

¶ 13                                    ANALYSIS

¶ 14   Plaintiff first alleges the trial court erred when it granted defendant's motion for setoff against the jury verdict, thereby allowing a setoff for underinsured motorist insurance proceeds tendered pursuant to plaintiff's automobile insurance policy. Specifically, plaintiff contends the court's decision to allow a setoff directly circumvents the collateral source rule. Since we are asked to determine the correctness of the trial court's application of law to the undisputed facts, our standard of review is *de novo*. *Wills v. Foster*, 229 Ill. 2d 393, 399 (2008).

¶ 15   Under the collateral source rule, benefits received by the injured party from a source completely independent of, and collateral to, the tortfeasor will not diminish damages otherwise recoverable from the tortfeasor. *Arthur*, 216 Ill. 2d at 78. The rule provides that " '[p]ayments made to or benefits conferred on the injured party from other sources are not credited against the tortfeasor's liability, although they cover all or a part of the harm for which the tortfeasor is

5

liable.' " *Wills*, 229 Ill. 2d at 399 (quoting Restatement (Second) of Torts § 920A(2), at 513 (1979)).

¶ 16    The collateral source rule has been characterized as an " 'established exception to the general rule that damages in negligence actions must be compensatory.' " *Wills*, 229 Ill. 2d at 399 (quoting 25 C.J.S. *Damages* § 172 (2002)). The rule protects collateral payments made to or benefits conferred on the plaintiff by denying the defendant any corresponding credit or offset. *Arthur*, 216 Ill. 2d at 78. Although collateral benefits reduce the plaintiff's loss, they do not reduce the defendant's tort liability. *Arthur*, 216 Ill. 2d at 78.

¶ 17    Illinois courts have held that the collateral source rule encompasses both evidentiary and substantive components. *Wills*, 229 Ill. 2d at 400. As a rule of evidence, the rule prevents the jury from learning anything concerning collateral income. *Wills*, 229 Ill. 2d at 400. As a substantive rule of damages, the rule prohibits a defendant from reducing the plaintiff's compensatory award by the amount the plaintiff received from the collateral source. *Wills*, 229 Ill. 2d at 400.

¶ 18    A situation in which the collateral source rule is frequently applied is where the injured plaintiff has been partly or wholly indemnified for the loss by proceeds from his or her accident insurance. *Wilson v. Hoffman Group, Inc.*, 131 Ill. 2d 308, 320 (1989). In such a case, the damages recovered by the plaintiff from the tortfeasor are not decreased by the amounts received from insurance proceeds. *Wilson*, 131 Ill. 2d at 320. It is well settled that damages recovered by the plaintiff from the defendant are not decreased by the amount the plaintiff received from insurance proceeds where the defendant did not contribute to the payment of the insurance premiums. *Arthur*, 216 Ill. 2d at 79. "The justification for this rule is that the wrongdoer should not benefit from the expenditures made by the injured party or take advantage of contracts or other relations that may exist between the injured party and third persons." *Wilson*, 131 Ill. 2d at

6

320. Our supreme court has observed the collateral source rule is premised upon the public policy that a benefit that is directed to the injured party should not be shifted so as to become a windfall to the tortfeasor. *Arthur*, 216 Ill. 2d at 90.

¶ 19    In this case, it is undisputed that plaintiff received the benefit of his underinsured motorist policy with State Farm when State Farm tendered $280,000 to plaintiff as a result of the October 2010 accident. This was a benefit bargained for and provided by plaintiff for plaintiff's benefit. This payment was not made on behalf of a tortfeasor. Further, State Farm is not a party to plaintiff's action against the Chamber. Rather, State Farm is a third party and a source wholly independent of, and collateral to, the tortfeasor. Therefore, the collateral source rule applies to the benefits State Farm tendered to plaintiff. *Wills*, 229 Ill. 2d at 399. As we discuss above, the rule protects these collateral payments tendered to plaintiff by State Farm by denying the Chamber any corresponding setoff or credit. *Arthur*, 216 Ill. 2d at 78; *Wills*, 229 Ill. 2d at 402. Such collateral benefits do not reduce the Chamber's tort liability even though they reduced plaintiff's loss. *Arthur*, 216 Ill. 2d at 90; *Wills*, 229 Ill. 2d at 419.

¶ 20    In consideration of the foregoing principles, plaintiff's insurance proceeds, being proceeds from a collateral source, should not have been set off against the jury's verdict of $45,000 in favor of plaintiff and against the Chamber. We note that the parties do not dispute the setoff granted for the $20,000 paid by Jordan's insurer, Geico, to plaintiff under Jordan's separate policy. This is not at issue in this case. Accordingly, we reverse the trial court's judgment granting the Chamber's motion for setoff of plaintiff's insurance proceeds ($280,000 from State Farm) against the jury verdict and remand this cause for further proceedings consistent with this opinion.

7

¶ 21    The Chamber raises several arguments on appeal. Most of the Chamber's arguments attempt to distinguish the facts of the instant case from the facts of the cases cited by plaintiff in his brief, which include the following: *Arthur*, 216 Ill. 2d 72; *Wills*, 229 Ill. 2d 393; *Halverson v. Stamm*, 329 Ill. App. 3d 1206 (2002); and *Wilson*, 131 Ill. 2d 308. After careful consideration, we find the Chamber's arguments are misplaced.

¶ 22    Although the cases referenced above do not specifically address the collateral source rule as it pertains to underinsured motorist proceeds, *Arthur*, *Wills*, and *Wilson* all discuss the justification for the collateral source rule: "the wrongdoer should not benefit from the expenditures made by the injured party or take advantage of contracts or other relations that may exist between the injured party and third persons." *Wilson*, 131 Ill. 2d at 320. Further, *Halverson* indicates double recovery is appropriate in situations where the plaintiff bargained for such a double recovery. In this case, the $280,000 plaintiff received from State Farm was a benefit bargained for and provided by plaintiff for plaintiff's benefit. The source of this payment was not made by a tortfeasor. Thus, the collateral source rule protects this payment, and it is inappropriate for the Chamber, the wrongdoer in this case, to benefit from the relationship plaintiff bargained for with State Farm. For these reasons, we reject the Chamber's argument.

¶ 23    The Chamber next indicates that the legislature's intent in enacting a provision for underinsured motorist coverage was to place the insured in the same position he or she would have occupied if injured by a motorist who carried liability insurance in the same amount as the policyholder. *Sulser v. Country Mutual Insurance Co.*, 147 Ill. 2d 548, 558 (1992). Since it is undisputed plaintiff has already received the sum of $300,000 ($20,000 from Geico and $280,000 from State Farm), the Chamber argues it would violate public policy to allow plaintiff to accept the underinsured motorist coverage and receive double recovery from the Chamber for

the same injuries and damages. The Chamber further asserts that, because State Farm has not claimed any subrogation lien against plaintiff, plaintiff will not have to "pay back" any of the $280,000 paid by State Farm to plaintiff regardless of the jury verdict. The Chamber asserts that this fact by itself guarantees plaintiff will receive a double recovery if the Chamber is denied the right to setoff against the jury verdict. We disagree.

¶ 24    The Chamber's argument ignores the well-established principle that the collateral source rule is an exception to the policy against double recovery. *Muranyi v. Turn Verein Frisch-Auf*, 308 Ill. App. 3d 213, 220 (1999). As we discuss more extensively above, in a case where an injured plaintiff has been compensated for the loss by his or her accident insurance, the damages recovered by the plaintiff from the tortfeasor are not decreased by the amounts received from insurance proceeds. *Wilson*, 131 Ill. 2d at 320. Further, although Illinois courts generally disfavor a double recovery, this is a situation where a double recovery is appropriate because plaintiff bargained for such a double recovery when he purchased his underinsured motorist policy. The fact that State Farm has claimed no subrogation lien against plaintiff is irrelevant. Accordingly, we reject the Chamber's argument.

¶ 25    Plaintiff's next argument contends the trial court erred in denying his posttrial motion for a new trial. Specifically, plaintiff asserts a new trial on damages should be ordered because the damages awarded by the jury were irreconcilably inconsistent with the objective evidence presented at trial.

¶ 26    Generally, the decision of whether to grant a new trial is a matter reserved to the sound discretion of the trial court, and the court's determination will not be overturned on review absent an abuse of discretion. *Wade v. Rich*, 249 Ill. App. 3d 581, 587 (1993). However, a jury's verdict may be set aside and a new trial ordered where the amount of damages awarded is against

9

the manifest weight of the evidence or where the jury has clearly disregarded a proven element of damages. *Wade*, 249 Ill. App. 3d at 587. A verdict is against the manifest weight of the evidence where the opposite conclusion is clearly evident or where the findings of the jury are unreasonable, arbitrary, and not based upon any of the evidence. *Maple v. Gustafson*, 151 Ill. 2d 445, 454 (1992).

¶ 27     The amount of money a jury awards is an issue of fact for the jury to determine and is entitled to substantial deference. *Anderson v. Zamir*, 402 Ill. App. 3d 362, 364 (2010). If the jury received proper instruction and otherwise had a reasonable basis for its award, a reviewing court will not disturb the verdict. *Anderson*, 402 Ill. App. 3d at 364. Although we recognize there is no precise formula for determining whether a monetary award is fair and reasonable, the following factors should be considered: (1) the extent of the injuries suffered and the degree of the permanency of the injuries, (2) the plaintiff's age, (3) the possibility of difficulties in the future, (4) the amount of medical expenses incurred, and (5) the restrictions upon the plaintiff's life as a result of the injuries suffered. *Anderson*, 402 Ill. App. 3d at 364-65. Generally, a reviewing court will not order a new trial on damages unless (1) the damages awarded are manifestly inadequate, (2) it is clear that proven elements of damages were not awarded, or (3) the amount bears no relationship to the loss suffered by plaintiff. *Walters v. Yellow Cab Co.*, 273 Ill. App. 3d 729, 740-41 (1995). When reviewing a question regarding the adequacy of damages, the court must consider the record in its entirety. *Hastings v. Gulledge*, 272 Ill. App. 3d 861, 864 (1995).

¶ 28     Here, the jury awarded plaintiff $25,000 for pain and suffering and $25,000 for lost earnings after determining the Chamber was at fault. The jury further found that plaintiff was 10% contributorily negligent, thereby reducing the verdict to $45,000. As previously stated, the jury awarded zero damages for the following: the reasonable expense of necessary medical care,

10

treatment, and services received; the disability experienced; and the reasonable expense of necessary handicap remodeling expenses. Since the jury awarded zero damages for medical expenses, disability, and remodeling expenses, plaintiff contends the jury's award is arbitrary and bears no relationship to the losses he sustained. Plaintiff further contends that the jury award for lost earnings is grounds for a new trial because it is inconsistent with the evidence presented at trial. We address these contentions in turn.

¶ 29     Based upon our review of the record in its entirety, we conclude the jury's verdict regarding medical expenses was against the manifest weight of the evidence. To recover for medical expenses, the plaintiff must prove that (1) he or she has paid or become liable to pay a medical bill, (2) he or she has necessarily incurred the medical expenses because of injuries resulting from the defendant's negligence, and (3) the charges were reasonable for the services of that nature. *Arthur*, 216 Ill. 2d at 81-82. "When evidence is admitted, through testimony or otherwise, that a medical bill was for treatment rendered and that the bill has been paid, the bill is *prima facie* reasonable." *Arthur*, 216 Ill. 2d at 82.

¶ 30     The defendant may rebut the *prima facie* reasonableness of a medical expense by presenting proper evidence casting doubt on the transaction. *Baker v. Hutson*, 333 Ill. App. 3d 486, 494 (2002). The proponent's offering of a paid bill or the testimony of a witness that a bill is fair and reasonable simply satisfies the requirement to prove reasonableness. *Baker*, 333 Ill. App. 3d at 494. The proponent must also present evidence that the costs were incurred as a result of the defendant's negligence. *Baker*, 333 Ill. App. 3d at 494. Furthermore, satisfying the minimum requirements for the admission of a bill into evidence does not conclusively establish that the entire amount of the bill must be awarded to the plaintiff. *Baker*, 333 Ill. App. 3d at 494.

11

The admission of a bill into evidence merely allows the jury to consider whether to award none, part, or all of the bill as damages. *Baker*, 333 Ill. App. 3d at 494.

¶ 31    Here, it is indisputable that plaintiff sustained serious and significant injuries in the accident, from which he incurred medical expenses. At trial, plaintiff introduced uncontroverted evidence of medical bills totaling $116,195.94. Plaintiff testified all of these bills were incurred from treatment he received as a result of the injuries he sustained in the accident. Said treatment included hospitalization, surgery, and home health care. When asked whether these bills had been paid, plaintiff testified: "As far as I know." The Chamber presented no evidence that these medical bills were unreasonable or unnecessary. Nonetheless, the jury awarded zero damages for plaintiff's medical bills despite finding the Chamber was 90% at fault for plaintiff's injuries.

¶ 32    When a reviewing court is faced with a zero-dollar award where damages are clearly evident, this court has held there is no choice but to declare that the verdict is inconsistent. *Kumorek v. Moyers*, 203 Ill. App. 3d 908, 913 (1990). In light of the foregoing, we conclude the jury's verdict is contrary to the manifest weight of the evidence, as it bears no reasonable relationship to the medical bills established by plaintiff at trial. Accordingly, we vacate the jury verdict concerning medical expenses.

¶ 33    Similarly, we find the jury's award of zero damages for disability was against the manifest weight of the evidence. Initially, we note that disability is a separate element of damages, and the jury's decision regarding whether to make any award for disability and, if so, how much is not dependent upon whether or what amount of other damages are awarded. *Hastings*, 272 Ill. App. 3d at 865.

¶ 34    Here, the uncontroverted evidence shows plaintiff was disabled for a period of time following the accident. Plaintiff was not released from medical care until October 2012,

12

approximately two years after the accident, at which time he was unable to return to his previous employment due to permanent physical restrictions. Specifically, plaintiff testified he is unable to climb, load, and secure his trailer. Plaintiff further testified his physical disabilities affect his ability to perform daily activities, and he cannot perform many activities that he could prior to the accident. Plaintiff testified the longest time he can stand before feeling pain in his leg is 10 to 15 minutes. Plaintiff testified that in April or May of 2013 he experienced severe pain in his knee, for which he ultimately underwent surgery in November 2013.

¶ 35    Based on the foregoing, we find the jury award of zero damages for disability was against the manifest weight of the evidence. The record shows plaintiff sustained serious injuries in the accident that, as a result, caused plaintiff to miss substantial time from work and prevented him from returning to his previous employment. The jury's zero award bears no reasonable relationship to the disability established by plaintiff at trial. Therefore, the jury verdict awarding nothing for disability must be vacated.

¶ 36    As to the jury's award of zero damages for remodeling expenses, we cannot say this determination was against the manifest weight of the evidence. The record shows the jury heard conflicting testimony regarding plaintiff's claim for remodeling expenses. The record further indicates plaintiff presented brief testimony concerning home remodeling expenses incurred to fit his physical capabilities, and defense counsel competently cross-examined plaintiff on these claims.

¶ 37    We find nothing in the record that suggests the jury ignored any proven element of damages in its award of zero damages for plaintiff's claim for remodeling expenses. Moreover, we cannot say this verdict resulted from passion or prejudice or that this award bears no

13

reasonable relationship to the alleged loss suffered. In sum, we find no adequate grounds to disturb the award of damages concerning remodeling expenses.

¶ 38    Finally, we find the jury's award of $25,000 to plaintiff for lost earnings was against the manifest weight of the evidence. It is well settled that lost income is a proper element of damages to be considered by the trier of fact. *Turner v. Chicago Transit Authority*, 122 Ill. App. 3d 419, 428 (1984). However, recovery must be limited to such loss as will be reasonably certain to occur and cannot be based on testimony that is merely speculative, remote, or uncertain. *Turner*, 122 Ill. App. 3d at 428-29. Generally, the measure of damages for impairment of earning capacity is the difference between the amount that the plaintiff was capable of earning before his or her injury and what he or she is capable of earning after the injury. *Smith v. Marvin*, 377 Ill. App. 3d 562, 571 (2007). Again, a jury's award can be overturned only if the jury ignored an element of damages, acted out of passion or prejudice, or made an award not reasonably related to the loss. *Dixon v. Union Pacific R.R. Co.*, 383 Ill. App. 3d 453, 470 (2008).

¶ 39    Here, plaintiff testified he was employed by Balyes Farm Trucking (Balyes) as a truck driver at the time of the accident. Plaintiff's duties included hauling grain bins, grain dryers, steel pipe, and fans. Plaintiff testified he had been a truck driver for 35½ years and that he started working for Balyes in September 2009. Plaintiff was 62 years old at the time of the accident. On cross-examination, plaintiff testified he planned on driving a truck until he was 67 years old. On redirect, when questioned about what age he intended to retire, plaintiff testified as follows:

"A. Before the—when they initially had, was going to make, pass a law to require all drivers to retire at 65, I was going to retire at 65. But when they repealed that, I was going to go to 67, because of the social security.

14

Q. Okay. And 65 was an age that you threw out because the law was going to change?

A. Yes.

Q. And it was going to bar truck drivers from driving over-the-road past age 65?

A. Yes.

Q. Do you know if that law was passed?

A. No, it was not."

We note that when asked at a deposition prior to trial how long he planned to drive a truck, plaintiff testified until he was 66 or 67 years old. Plaintiff testified he took an unpaid leave of absence from Balyes after the accident and has not been able to return to work since the accident. Plaintiff testified his injuries restricted him from climbing, which prevented him from returning to his previous employment. Plaintiff's limitations regarding climbing prevented him from loading, unloading, and securing his trailer.

¶ 40     Plaintiff further testified that from January 1, 2010, through the date of the accident on October 30, 2010, his tax return indicated he earned $29,906, which is $2990.60 per month. At closing argument, plaintiff's counsel recommended an award of lost earnings for the time period following the accident through August 2015, which is when plaintiff turned 67 years old. As previously noted, plaintiff testified at trial that he intended to work until he was 67 years old. The recommended lost earnings totaled $170,464.20, which represented 57 months at $2990.60 per month. As we indicate above, plaintiff earned $2990.60 per month from January 1, 2010, through the date of the accident in October 2010.

¶ 41     After careful consideration, we find the jury award of $25,000 to plaintiff for lost earnings bears no reasonable relationship to plaintiff's loss. The record indicates plaintiff was not

released from medical care for the injuries he sustained in the accident until October 2012, approximately two years after the accident took place. The record further shows that plaintiff has been unable to return to his employment with Balyes due to physical limitations resulting from the accident. The jury's award of $25,000, which represents less than plaintiff's earnings in the 10-month period of 2010 prior to the accident, cannot be viewed as a reasonable relationship to plaintiff's lost earning capacity. For these reasons, we vacate the jury's award of $25,000 for lost earnings.

¶ 42   The Chamber argues plaintiff expressly waived his arguments concerning dollar amounts awarded by the jury. Specifically, since the parties agreed during the jury's deliberations that the jury could award zero damages on some categories and change the amount of damages on other categories, the Chamber contends plaintiff waived any future argument that the jury should not have awarded zero damages in some categories.

¶ 43   After careful review, we find the Chamber's argument is without merit. In this case, plaintiff timely filed a posttrial motion requesting that the verdict concerning damages be vacated and a new trial be granted. The trial court denied this motion, and plaintiff subsequently filed a timely appeal. Nothing in the record suggests plaintiff explicitly waived his right to appeal the trial court's denial of his posttrial motion requesting that the verdict concerning damages be vacated and a new trial be granted. Accordingly, we reject the Chamber's argument.

¶ 44   The Chamber further asserts the jury award of zero damages for medical expenses and disability and the jury award of $25,000 for lost earnings was not against the manifest weight of the evidence because it is the function of the jury to evaluate the evidence and weigh the testimony presented at trial in determining whether to award none, part, or all of the claimed

16

damages. The Chamber contends the jury could have reasonably concluded plaintiff failed to meet his burden. We disagree.

¶ 45    Although we recognize it is generally for the trier of fact, in this case the jury, to resolve conflicting testimony and give weight to the credibility of said testimony, a zero-dollar award is inconsistent where damages are clearly evident. *Martin v. Cain*, 219 Ill. App. 3d 110, 115 (1991). Accordingly, we reject the Chamber's argument concerning medical expenses and disability. We further find the jury award of $25,000 for lost earnings is unreasonable considering plaintiff's limitations as a result of the injuries he sustained in the accident, the fact that plaintiff has not been able to return to his previous employment, and the fact that the award represents less than plaintiff's total earnings in the 10-month period of 2010 prior to the accident. For these reasons, we reject the Chamber's argument.

¶ 46                                    CONCLUSION

¶ 47    For the foregoing reasons, we reverse the trial court's judgment granting the Chamber's motion for setoff against the jury verdict. Under the collateral source rule, the proceeds plaintiff received under his underinsured motorist policy should not be offset against the jury verdict. Further, we vacate the jury's verdict regarding medical expenses, disability, and lost earnings because it bears no reasonable relationship to the injuries established by plaintiff at trial. As to the remodeling expenses, we find no adequate grounds to disturb the award of zero damages. This cause is hereby remanded for a new trial on the issue of damages only. We note our supreme court has concluded a new trial on the question of damages only is appropriately granted where (1) the jury's verdict on the question of liability is sufficiently supported by the evidence, (2) the questions of damages and liability are so separate and distinct that a trial limited to the question of damages is not unfair to the defendant, and (3) the record suggests

17

neither that the jury reached a compromise verdict nor that the error which resulted in the jury's awarding inadequate damages also affected its verdict on the question of liability. *Robbins v. Professional Construction Co.*, 72 Ill. 2d 215, 224 (1978); *Balestri v. Terminal Freight Cooperative Ass'n*, 76 Ill. 2d 451, 456 (1979). Here, these elements have been satisfied.

¶ 48    Reversed and remanded.

¶ 49    JUSTICE OVERSTREET, concurring in part and dissenting in part:

¶ 50    I concur with the majority's decision to reverse the circuit court's judgment granting the Chamber's motion for setoff against the jury verdict. I agree that the proceeds the plaintiff received under his underinsured motorist policy should not have been offset against the jury's verdict. I also concur with the majority's decision to vacate the jury's verdict regarding medical expenses and lost earnings. I agree with the majority's conclusion that the jury's award of zero-dollar damages for the plaintiff's medical expenses, despite awarding him $25,000 for pain and suffering, was inconsistent and contrary to the manifest weight of the evidence. I further agree with the majority's conclusion that the jury's award of $25,000 to plaintiff for lost earnings bears no reasonable relationship to the plaintiff's loss.

¶ 51    However, I dissent from that portion of the majority's opinion that vacates the jury's verdict regarding disability, and I dissent from that portion of the majority's opinion that directs the circuit court to revisit the jury's zero-dollar damage award for remodeling expenses. With regard to the plaintiff's claims of disability and remodeling expenses, nothing in the record suggests that the jury ignored any proven element of damages, that the verdicts resulted from

18

passion or prejudice, or that the awards bore no reasonable relationship to the alleged loss suffered. *Snover v. McGraw*, 172 Ill. 2d 438, 447 (1996).

¶ 52    "Disability is clearly a separate element of damages." *Hastings v. Gulledge*, 272 Ill. App. 3d 861, 865 (1995). "The jury's decision as to whether to make any award for disability and, if so, how much, is not dependent upon whether or what amount of damages are awarded for pain and suffering." *Id.* Here, the plaintiff presented no medical testimony regarding his disability claim, and the jury heard conflicting testimony on this issue. For example, Donald Delaney, the plaintiff's fellow member of the local antique tractor clubs, testified that he continued to see the plaintiff from time to time after the plaintiff recovered from his broken leg. Delaney testified that since the plaintiff's medical release about 18 months after the accident, Delaney "can't tell any difference" in the plaintiff since before the accident and that the plaintiff "does what he wants." Delaney testified that the plaintiff continued to show three or four tractors at the tractor shows and that he climbed, drove, loaded, and unloaded the tractors. Accordingly, the evidence in the record permitted the jury to conclude that the plaintiff was not disabled and would not be in the future. "Where evidence is contradicted, or where it is merely based on the subjective testimony of the plaintiff, a jury is free to disbelieve it." *Stift v. Lizzadro*, 362 Ill. App. 3d 1019, 1029 (2005). The jury was entitled to discount the plaintiff's testimony regarding the permanency of his injuries.

¶ 53    Likewise, the majority notes that the jury heard conflicting testimony regarding the plaintiff's claim for remodeling expenses. The plaintiff presented no medical testimony or testimony by the contractor performing the home modifications to establish the reasonableness or necessity of the home modifications. The plaintiff presented his own brief testimony that he was required to install a handicap-accessible tub/shower and toilet, which amounted to $29,944.58,

19

and defense counsel competently cross-examined him on this claim. Again, where evidence is based on the plaintiff's subjective testimony, the jury is free to disbelieve it. *Id.* Thus, although I agree with the majority's conclusion that the jury's award of zero damages for remodeling expenses was not against the manifest weight of the evidence, I disagree with the majority's direction to revisit the plaintiff's claim for remodeling expenses on remand.

¶ 54    In sum, I see no adequate grounds to disturb or revisit the jury's determination of damages concerning the plaintiff's claim of disability or his claim for remodeling expenses. For all of the foregoing reasons, I respectfully concur in part and dissent in part.

2018 IL App (5th) 160115

NO. 5-16-0115

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| ROGER DALE STANFORD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Clay County. |
| | ) | |
| v. | ) | No. 11-L-6 |
| | ) | |
| THE CITY OF FLORA and FLORA | ) | |
| CHAMBER OF COMMERCE, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Wm. Robin Todd, |
| (Flora Chamber of Commerce, Defendant-Appellee). | ) | Judge, presiding. |

**Opinion Filed:** April 18, 2018

**Justices:** Honorable Richard P. Goldenhersh, J.

Honorable Judy L. Cates, concurred
Honorable David K. Overstreet, J., concurred in part and dissented in part

**Attorney for Appellant** Linda J. Cantrell, Winters, Brewster, Crosby and Schafer, LLC, 111 West Main Street, P.O. Box 700, Marion, IL 62959

**Attorneys for Appellee** Douglas A. Enloe, Eric A. St Ledger, Gosnell, Borden, Enloe, Sloss & McCullough, Ltd., 815 12th Street, P.O. Box 737, Lawrenceville, IL 62439